# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY MATLOCK and ) | |
| BRIDGET MATLOCK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 3:18-cv-00047 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| ROUNDPOINT MORTGAGE SERVICING ) | |
| CORPORATION, and EMBRACE HOME ) | |
| LOANS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

COME NOW Defendants RoundPoint Mortgage Servicing Corporation ("RoundPoint") and Embrace Home Loans, Inc. ("Embrace") (collectively, the "Defendants"), by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiffs Ricky Matlock and Bridget Matlock (collectively, the "Plaintiffs"). (D.E. 1.) The Complaint fails to state a claim for which relief can be granted because (1) under 12 U.S.C. §2605(g), there is no supportable allegation that Defendants were in possession of information in order to pay Plaintiffs' renewal insurance premium, the Deed of Trust contractually imposes a duty upon Plaintiffs to notify Defendants of any pending renewal insurance premiums, and Plaintiffs failed to satisfy this contractual duty; and (2) under 12 U.S.C. §2605(e), Plaintiffs suffered no damages associated with the sending of their Notice of Error because the Notice of Error was sent *after* the fire. Accordingly, the Defendants should be

1

dismissed from this action with prejudice. In support of this Motion, Defendants state as follows:

## ALLEGATIONS IN THE COMPLAINT

Plaintiffs allege a single cause of action against the Defendants under the Real Estate Settlement Procedures Act ("RESPA") but reference two different potential violations of RESPA: (1) an alleged failure to properly administer an escrow account under 12 U.S.C. §2605(g); and (2) an alleged failure to acknowledge receipt and properly respond to a Notice of Error ("NOE") under 12 U.S.C. §2605(e). (D.E. 1 at ¶¶ 23 and 24.)

Plaintiffs allege that they suffered damages due to a fire that occurred on February 17, 2017, for which they did not have sufficient insurance coverage. Id. at ¶ 14. The damages consist of "uninsured losses arising from damage to the structure and damages to the contents of the structure that would have been insured at a replacement value." (D.E. 1 at ¶ 23.)

Plaintiffs claim that the Defendants had a duty to timely pay the renewal insurance premium on their property pursuant to an escrow account that was maintained on the property with respect to their Deed of Trust ("DOT"), which the Defendants purportedly serviced. Id. at ¶¶ 7 – 8. A copy of the DOT has been attached as Exhibit A to the Motion.[1] The DOT lists the property address as 1153 Gallion Rd., Cumberland Furnace, Tennessee 37051. See Ex. A at p. 3. The DOT provides in the section entitled "Funds for Escrow Items", which covers items such as premiums for hazard insurance, that "Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section." Id. at ¶ 3.

---

[1] This Court may consider the DOT because Plaintiffs referred to it in the Complaint and it is central to their claim. Okolo v. Metro Gov't of Nashville, 892 F. Supp. 2d 931, 945 n.5 (M.D. Tenn. 2012) (noting "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (quoting Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997)).

2

Plaintiffs claim that in November of 2016, their insurer, State Farm Fire and Casualty Company ("State Farm"), billed the Defendants "at the same address as the year before" via a premium notice which included a due date of January 15, 2017 (the "Renewal Certificate"). (D.E. 1 at ¶ 12.) A copy of the Renewal Certificate listing the property address for the Plaintiffs and listing the mortgagee as LoanCare Servicing Center ("LoanCare") is attached as Exhibit B to the Motion.[2] Notably, neither RoundPoint nor Embrace is listed on the Renewal Certificate and the mortgagee listed, LoanCare, is not a defendant to this suit. See Ex. B. The Complaint contains no allegation that the Plaintiffs ever forwarded the Renewal Certificate or otherwise notified Defendants of the due renewal insurance premium prior to the fire. (D.E. 1.)

On February 17, 2017, the Plaintiffs claim to have suffered a fire on their property resulting in damage to the outbuilding and some of its contents, which was not fully covered by State Farm given a lapse in payment of the renewal insurance premium. (D.E. 1 at ¶ 14.) Following the fire, on July 21, 2017, Plaintiffs sent a NOE to RoundPoint claiming that the Defendants failed to timely pay the renewal insurance premium on their property and as a result, they suffered damages. Id. at ¶ 18. A copy of the NOE is attached as Exhibit C to the Motion.[3] The Plaintiffs' Complaint references no other notices of error, requests for information, or subsequent correspondence sent by them to either of the Defendants concerning the purported error. (D.E. 1.)

---

[2] See Okolo, 892 F. Supp. 2d at 945 n.5 (noting "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.")

[3] See Okolo, 892 F. Supp. 2d at 945 n.5 (noting "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.")

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). A "legal conclusion couched as a factual allegation," however, need not be accepted as true. Twombly, 550 U.S. at 555. The plaintiffs' obligation to provide the "grounds" for their claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.; see also Ass'n of Cleveland Fire Fighters vs. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In short, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (internal quotation marks and citation omitted).

# ARGUMENT

**A. Plaintiffs' Claim under 12 U.S.C. §2605(g) Fails to State a Cause of Action because there is no Supportable Allegation that Defendants were in Possession of the Renewal Certificate Prior to the Fire, the DOT Imposes a Duty on the Plaintiffs to Forward Renewal Insurance Premiums to the Defendants, and Plaintiffs Breached the DOT by not Forwarding the Renewal Certificate.**

12 U.S.C. §2605(g) provides that:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

In order to timely pay renewal insurance premiums, however, the servicer needs to know who to pay and the amount of same, which would require a copy of the renewal insurance premium. Plaintiffs claim that in November of 2016, State Farm billed the Defendants "at the same address as the year before" via the Renewal Certificate. (D.E. 1 at ¶ 12.) The Renewal Certificate, however, contains no address other than that for the Plaintiffs and it does not even list RoundPoint or Embrace. See Ex. B. Rather, the Renewal Certificate lists a different, indeed prior, loan servicer, LoanCare. Id. Although the Renewal Certificate does not contain an address for the mortgagee, if it was sent to the mortgagee, logically it would have been sent to the address for LoanCare and not an address for the Defendants. Thus, the Plaintiffs have failed to plead facts sufficient to form a supportable basis by which this Court can conclude that Defendants were in possession of necessary information (i.e., the Renewal Certificate) in order to breach any obligations they owed Plaintiffs pursuant to the escrow agreement or pursuant to 12 U.S.C. §2605(g).

Although there is no supportable allegation that Defendants had information in their possession in order to pay the renewal insurance premium, Plaintiffs admittedly were in possession of this information yet failed to forward it to the Defendants in direct breach of the DOT. The DOT explicitly provides that "Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section [the Escrow Section]." See Ex. A at ¶ 3. Not surprisingly, the purpose of this provision in the DOT is to ensure that the servicer has the ability to satisfy its obligations under the escrow account, including any obligation Defendants owe to Plaintiffs pursuant to 12 U.S.C. § 2605(g). Otherwise, as is the case here, it would be inequitable and serve no purpose to punish the Defendants for failing to take action which was outside of their control but which was under the control of the Plaintiffs. Consequently, Plaintiffs' claim under 12 U.S.C. §2605(g) fails as a matter of law.

### B. Plaintiffs' Claim under 12 U.S.C. §2605(e) Fails to State a Cause of Action because Plaintiffs have Suffered No Damages under that Section of RESPA.

Plaintiffs' claim under 12 U.S.C. §2605(e) fails because they pled no cognizable damages, actual or statutory, under this section. Section 2605(e) requires a servicer of a federally related mortgage to provide a written response acknowledging receipt of a notice of error or request for information (formerly called a qualified written request ("QWR")) within five (5) business days and conduct an investigation and provide a substantive response to the notice/request within thirty (30) business days. If the servicer fails, a borrower may be entitled to actual or statutory damages under 12 U.S.C. § 2605(f). Thus, in order to state a cause of action under § 2605(e), "a borrower must satisfy four elements: (1) the defendant services her loan; (2) her written request for information was qualified; (3) the servicer failed to respond to her qualified written request; and (4) she suffered actual damages as a result of that failure to respond." Crockett v. Mut. of Omaha, 2015 Tenn. App. LEXIS 630, *9 (Tenn. Ct. App. 2015)

6

(citing 12 U.S.C. § 2605(f)(1)(A)); see also Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010). Thus, recovery under RESPA requires more than establishing a violation; the plaintiff must suffer actual, demonstrable damages, and plaintiff's damages must occur "as a result of" that specific violation. Eichholz v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 128455, *14 (E.D. Mich. 2011); see also Lee v. EquiFirst Corp., 2010 U.S. Dist. LEXIS 114396, *27 (M.D. Tenn. 2010) ("Courts have repeatedly held that alleging a breach of RESPA duties alone does not state a claim under RESPA . . . Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages"). Consequently, "[d]amages are a necessary element of a RESPA claim." Id. (citing Akouri v. Fla. Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005)).

As explained by the United States Supreme Court in Spokeo, Article III standing requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548. Importantly, "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549. A plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation". Id. at 640. Put another way, the borrower must establish that the defendant made an error in the account that resulted in economic injury in addition to showing that the borrower made a request for information or notice of error to which the defendant failed to respond or take appropriate action as required by the statute. See In re Tomasevic, 273 B.R. 682, 687 (Bankr. M.D. Fla. 2002). Further, Plaintiffs have the burden to

prove damages. McLean v. GMAC Mortg. Corp., 595 F.Supp 2d 1360, 1365 (S.D. Fla. 2009) (citing In re Tomasevic, 273 B.R. 682, 687 (Bankr. M.D. Fla. 2002)).

The only purported actual damages listed in Plaintiffs' Complaint are for "uninsured losses arising from damage to the structure and damages to the contents of the structure that would have been insured at a replacement value." (D.E. at ¶ 23.) These damages, however, *predate* the sending of the Notice of Error. To recap, the fire occurred on February 17, 2017 (D.E. 1 at ¶ 14), but the NOE was not sent until July 21, 2017. (D.E. 1 at ¶ 18.) See also Ex. C, Notice of Error. Thus, the damages caused by the fire could not have flowed from Defendants' alleged improper handling or responding to the NOE.

In Selman v. CitiMortgage, Inc., the Southern District of Alabama was faced with a similar situation where the lender failed to timely pay an insurance premium, causing the policy to lapse, and thus causing the plaintiff to suffer damages in the form of increased costs in order to reissue the lapsed policy and/or to pay for a new force-placed policy. 2013 U.S. Dist. LEXIS 37017, *2-3 (S.D. Ala. 2013). The plaintiff filed suit under 12 U.S.C. § 2605(e) of RESPA but the court dismissed the claim stating that the plaintiff "adequately alleges neither actual damages nor a 'pattern or practice of noncompliance' sufficient to support eligibility for statutory damages under § 2605(f)". Id. at *29-30. As noted by the court, the damages at issue "predated" the QWRs. Id. at *30-31. As such, per the court, these allegations were insufficient to state a claim under RESPA as 2605(f)(1) authorizes only " 'actual damages to the borrower as a result of the failure' to respond to the QWR; therefore, the borrower's actual damages must flow directly from the servicer's lack of timely response in order to be cognizable." Id. at *31 (citing Lal v. American Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("allegations made under a separate cause of action are insufficient to sustain a RESPA claim for

8

actual damages as they are not a direct result of the failure to comply'")); see also <u>Marais v. Chase Home Finance, LLC</u>, 2012 U.S. Dist. LEXIS 137893, *16 (S.D. Ohio 2012) ("actual damages must be pled as part of any RESPA claims," and "any alleged loss must clearly be related to the RESPA violation itself"). Likewise here, since the Plaintiffs were already allegedly damaged by the time they sent the NOE, Defendants' handling and response to the NOE could not have caused their damages.[4] Further, Plaintiffs' Complaint does not seek statutory damages, nor can Plaintiffs, as the incident at issue - - an isolated fire that took place on February 17, 2017 - - cannot support a pattern and practice of anything, much less of noncompliance on the part of the Defendants. Accordingly, Plaintiffs' claim under § 2605(e) is due to be dismissed for failure to state a cause of action.

## **CONCLUSION**

Defendants respectfully request that this Court dismiss the lawsuit against, with prejudice, it in its entirety since (1) Plaintiffs' purported claim under 12 U.S.C. § 2605(g) fails since there is no supportable allegation by which this Court can draw the conclusion that Defendants were in possession of renewal insurance premium information in order to satisfy their escrow obligations to the Plaintiffs and the Plaintiffs breached their obligations under the DOT by not timely providing this information to the Defendants, and (2) Plaintiffs' purported claim under 12 U.S.C. § 2605(e) fails because their alleged damages predated the sending of the NOE and hence, could not be the result of any violation under that section.

---

[4] Plaintiffs have not alleged they suffered any damage as a result of the mailing of the NOE, nor could they as "the cost of sending an initial request for information is not a cost to the borrower 'as a result of the failure to comply with a RESPA obligation.'" <u>Baez v. Specialized Loan Servicing, LLC</u>, 2017 U.S. App. LEXIS 18362, *8 (11th Cir. 2017) (<u>citing</u> 12 U.S.C. § 2605(f)(1)(A)). "At the time the request is sent, and the postage is incurred, no RESPA violation has occurred, nor will one necessarily occur." <u>Id.</u> "The servicer may adequately respond to the request, or it may not, but the postage cost to the borrower is the same in both instances." <u>Id.</u> A cost that is incurred whether or not the servicer complies with its obligations is not a cost that is caused by, or 'a result of,' the failure to comply." <u>Id.</u> at *8-9 (<u>citing</u> <u>Turner v. Beneficial Corp.</u>, 242 F.3d 1023, 1028 (11th Cir. 2001)).

9

/s/ Shaun K. Ramey
Shaun K. Ramey, Esquire
TN Bar # 035574
Primary: shaun.ramey@arlaw.com
Secondary: angela.edwards@arlaw.com

ADAMS AND REESE LLP
424 Church Street, Suite 2700
Nashville, TN 37219
Tel:  (615) 259-1024 / Fax:  (615) 780-0015
*Attorney for RoundPoint Mortgage Servicing Corporation and Embrace Home Loans, Inc.*

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to the following, by regular U.S. Mail or email where appropriate, on this 12th day of March, 2018:

Patrick Barrett, Esq.
Barrett Law Office, PLLC
4205 Hillsboro Pike, Suite 303
Nashville, TN 37215
pbarrett@barrettlawofficetn.com

Henry Todd, Esq.
TODD & SPENCER
404 East College Street
Dickson, TN 37055
henrytoddjr@bellsouth.com

/s/ Shaun K. Ramey
Shaun K. Ramey