UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY MATLOCK and ) <br> BRIDGET MATLOCK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROUNDPOINT MORTGAGE ) <br> SERVICING CORPORATION, ) <br> EMBRACE HOME LOANS, ) <br> INC., and LOANCARE LLC, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 3:18-cv-00047 <br> Judge William L. Campbell, Jr. <br> Magistrate Judge Newbern <br> JURY DEMAND |

## FIRST AMENDED COMPLAINT

Plaintiffs Ricky Matlock and Bridget Matlock ("Plaintiffs"), by counsel, bring this action against Roundpoint Mortgaging Servicing Corporation, Embrace Home Loans, Inc., and Loancare LLC. As grounds for this First Amended Complaint, Plaintiffs respectfully allege as follows:

### NATURE OF THE CASE

1. This Action asserts a violation of the Real Estate Settlement Procedures Act ("RESPA") against Defendants arising from the servicing of Plaintiffs' mortgage loan escrow account ("Escrow") in connection with their home mortgage loan with the Defendant Embrace Home Loans, Inc. ("Lender").

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 12 U.S.C. § 2614. Plaintiffs have standing as they are borrowers on a federally related residential loan.

3. Venue is proper in this District pursuant to 12 U.S.C. § 2614 and 28 U.S.C. § 1391(b) a, because the property described in the mortgage is located in Dickson County, Tennessee; a substantial portion of the events giving rise to this action occurred in this District; and Defendants transact business in this District.

## PARTIES

4. Plaintiffs at all relevant times herein were residents of Dickson County, Tennessee; and the mortgage referenced hereinafter relates to real estate located at 1153 Gallion Road, Cumberland Furnace, Dickson County, Tennessee.

5. Defendant Roundpoint Mortgage Servicing Corporation is a Florida corporation with its principal place of business in Charlotte, North Carolina. At all relevant times, Defendant was engaged in the business of mortgage loan servicing. Defendant was a loan servicer for the mortgage loan of Plaintiffs at the time relating to the factual allegations herein. Defendant Roundpoint Mortgage Servicing Corporation may be served with process through its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, Tennessee 37203-1312.

6. Defendant Embrace Home Loans, Inc. is a Rhode Island corporation with its principal place of business in Middletown, Rhode Island. At all relevant times, Defendant was engaged in the business of mortgage loan lending and in mortgage loan servicing. Defendant was the lender and a servicer for the mortgage loan of the Plaintiffs at the

time relating to the factual allegations herein. Defendant Embrace Home Loans, Inc. may be served with process through its registered agent, CT Corporation System, 800 S. Gay St., Ste. 2021, Knoxville, Tennessee 37929-9710.

7. Defendant Loancare LLC is a Virginia limited liability company with its principal place of business located at 3637 Sentara Way, Virginia Beach, VA 23452-4262. At all relevant times, Defendant was engaged in the business of mortgage loan servicing. Defendant was a loan servicer for the mortgage loan of Plaintiffs at the time relating to the factual allegations herein. Defendant Loancare LLC may be served with process through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

**FACTS**

8. The Plaintiffs obtained a federally related (VA) mortgage loan secured by a lien on residential real estate located at 1153 Gallion Road, Cumberland Furnace, Tennessee. Said real estate is used primarily for the occupancy of one family. Said mortgage loan was secured by a lien evidenced by a Deed of Trust in favor of Embrace Home Loans, Inc.

9. Plaintiffs have made all payments due pursuant to the mortgage loan and Deed of Trust in a full and timely fashion. Defendant Roundpoint was a designated mortgage servicer beginning at least in 2014 and remained a mortgage servicer for the loan of the Plaintiffs until August, 2017. Plaintiffs made the loan payments including an escrow payment to the Defendant Roundpoint under loan number 2002993166. Pursuant to the Deed of Trust, Defendant Roundpoint held funds in an escrow account to pay property

taxes, mortgage insurance and homeowner's insurance premiums in relation to the real estate located at 1153 Gallion Road, Cumberland Furnace, Tennessee. Defendants Roundpoint and Embrace determined the amount of the monthly escrow payment on an annual basis and the Plaintiffs have paid that amount in a timely fashion.

10. On January 8, 2014, Plaintiffs obtained automatically renewable homeowners insurance coverage from State Farm Fire And Casualty Company ("State Farm") on the replacement value of the dwelling, outbuilding and contents located at 1153 Gallion Road Cumberland Furnace, Tennessee, showing that Defendant Embrace was an additional insured and that the bills would be sent to Lender. Plaintiffs have not cancelled their homeowners coverage through State Farm at any time since 2014.

11. After the subject mortgage was created, Defendants began paying the homeowners insurance premium to State Farm on an annual basis. Defendants included said payment in their annual calculation of the escrow payment. Defendants were billed for the homeowners policy period January 15, 2016-January 15, 2017, and in fact paid that premium to State Farm.

12. In June of 2016, Plaintiffs received documentation showing that Defendants anticipated paying for this insurance in January, 2017.

13. State Farm billed Defendants for this insurance in November 2016 at the same address as the year before. State Farm provided a premium notice and agent issued declarations to the Plaintiffs and to Defendant as shown by the Notice. The date due for the payment of the insurance premium was January 15, 2017. Although Defendants were

4

aware of the due date, Defendants failed to pay the insurance premium until February 24, 2017.

14. Defendant Embrace has alleged that it sent a request for insurance confirmation to the Plaintiffs on January 23, 2017, but Plaintiffs deny receiving said notice. Defendant Embrace has not alleged that it sent a second notice nor attempted to otherwise contact Plaintiffs. Plaintiffs aver they received no notice from Defendants prior to the due date of the premium.

15. On February 17, 2017, the outbuilding located on the real estate at 1153 Gallion Road Cumberland Furnace, Tennessee, of the Plaintiffs had a fire resulting in damage to the building and some of the contents of the building. The Plaintiffs reported this loss to their State Farm agent. State Farm advised the Plaintiffs that the policy was effectively cancelled for non-payment. After the fire, Plaintiffs discovered that Defendants had failed to pay the annual premium that was due on January 15, 2017.

16. Plaintiffs advised Defendant Roundpoint by telephone of its failure to pay the premium, and on February 24, 2017, Defendant sent the full annual premium to State Farm. Although Defendant's premium payment was not sent until February 24, 2017, Defendant reflected on its payment that it was effective January 16, 2017. Thereupon, State Farm renewed the Coverage with an effective date of February 24, 2017.

17. After being advised of the fire, Defendants caused hazard insurance to be placed upon the property by Great American Insurance Group that purports to have an effective date of February 17, 2017. Further, Defendants apparently submitted a claim upon said policy stating that the loss was not discovered until April 21, 2017. According

to Defendants, this insurance provides coverage for damage to the structure, but not to contents. In May, 2017, Defendants sent a request for information to disburse insurance funds to the Plaintiffs.

18. Plaintiffs did not provide information directly to Great American Insurance Group, though Plaintiffs did provide information relating to their loss to the Defendants.

19. On July 21, 2017, Plaintiff Ricky S. Matlock executed an affidavit with attachments which was included with a NOTICE OF ERROR letter and sent to the Defendant Roundpoint at P.O. Box 19124, Charlotte, North Carolina 28219-0229, which is the address listed on the Escrow Statement to be provided a notice.

20. Although the letter and attachments were received by Defendant Roundpoint on July 27, 2017, Plaintiffs did not receive any notification that their NOTICE OF ERROR had been received by Defendants until September 13, 2017, when Plaintiffs received a letter with attachments from David Hughes, Senior Vice President , apparently on behalf of Defendant Embrace.

21. According to the attachments to the letter from Defendant Embrace, Defendants' retroactively placed hazard insurance does not provide coverage for the personal property that Plaintiffs lost in the fire, and therefore does not provide the same coverage as the State Farm policy that Defendants allowed to lapse due to their failure to promptly pay the subject premium. Additionlly, the extent of the coverage under the State Farm Policy was replacement cost whereas the Great American policy was for depreciated value of the structure only.

## COUNT I: Violation of RESPA

22.     Plaintiffs restate each of the allegations in Paragraphs 1-20 as if fully set forth herein.

23.     Plaintiffs obtained a VA mortgage loan secured by a lien on residential real estate. The home of Plaintiffs herein is a property which is designed for less than four families. Pursuant to 12 U.S.C. § 2602(1)(A), RESPA applies to the mortgage loan of the Plaintiffs on the property located at 1153 Gallion Road, Cumberland Furnace, Tennessee.

24.     Defendants failed to make timely payment of the premium for the State Farm homeowners insurance policy number 92--B4-U476-2 in violation of 12 U.S.C. § 2605(g) and in violation of 12 CFR § 1024.34. As a direct and proximate result of Defendants' omissions, Plaintiffs suffered actual damages in the form of uninsured losses arising from damage to the structure and damage to the contents of the structure that would have been insured at a replacement cost value.

25.     Defendants received a Notice Of Error which is a qualified written request on July 27, 2017, and Defendants failed to acknowledge receipt of same in violation of 12 U.S.C. § 2605(e)(1)(A). Further, Defendants failed to cure by paying the actual damages of Plaintiffs within sixty (60) days. Further, Defendant Embrace alleged that it had not caused a lapse in coverage though State Farm specifically denied the claim of Plaintiffs on the grounds that the policy was cancelled and no policy was in force with State Farm at the time of the loss.

26. Plaintiffs' loss of actual damages are recoverable from Defendants pursuant to 12 U.S.C. § 2605(f)(1)(A) as well as additional damages under 12 U.S.C. § 2605(f)(1)(B).

27. Plaintiffs are entitled to the costs of this action plus reasonable attorney fees pursuant to 12 U.S.C. § 2605(f)(3).

WHEREFORE, Plaintiff Ricky Matlock and Bridget Matlock request the following relief:

(a) Judgment against Defendants for actual damages;

(b) Judgment against Defendants for additional damages pursuant to 12 U.S.C. § 2605(f)(1)(B);

(c) Judgment against Defendants for court costs and reasonable attorney fees;

(d) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury.

Respectfully Submitted,

/s/ Patrick Barrett
Patrick Barrett (BPR # 020394)
Barrett Law Office, PLLC
4205 Hillsboro Pike
Suite 303
Nashville, Tennessee 37215
(615) 463-4000
*pbarrett@barrettlawofficetn.com*

                      /s/ Henry Todd, Jr.
                      Henry Todd, Jr. (BPR # 005574)
                      Todd & Spencer
                      404 East College Street
                      Dickson, Tennessee 37055
                      Nashville, TN 37214
                      (615) 446-0511
                      *henrytoddjr@bellsouth.net*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served upon the following counsel via the Court's electronic filing system on this 27th day of August, 2018.

Shaun K. Ramey, Esquire
sramey@mcglinchey.com
McGlinchey Stafford
424 Church Street, Suite 2000
Nashville, TN 37219


                      /s/ Patrick Barrett