# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY MATLOCK and BRIDGET MATLOCK, | )<br>)<br>) |
| Plaintiffs, | ) |
| | ) Case No.: 3:18-cv-00047 |
| v. | ) Judge William L. Campbell, Jr. |
| | ) Magistrate Alistair Newbern |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION; EMBRACE HOME LOANS, INC.; and LOANCARE, LLC | )<br>)<br>)<br>) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER OF CONFIDENTIALITY

Based upon the agreement of the parties per their Joint Motion for Protective Order, it is **ORDERED** that:

1. The Defendants, RoundPoint Mortgage Servicing Corporation and Embrace Home Loans, Inc. (collectively, the "Defendants") may designate as "Confidential" such documents and information produced by them that they respectively believe in good faith constitute, contain, or reflect confidential information, and shall so mark such documents. (Such materials are hereinafter referred to as "Confidential Materials"). Designation of material as Confidential Materials shall be accomplished by placing on the first page of each document to be so designated a stamp or notice "**Confidential**" in such a manner as will not interfere with the legibility thereof.

2. Access to Confidential Materials and the information they contain or reflect shall be strictly limited to:

    (a) Counsel for Plaintiffs and the Defendants, and counsel for any other parties to this action who agree to be bound by the terms of this Order ("Stipulating Counsel");

    (b) Legitimate employees of Stipulating Counsel who are required to assist in

the conduct of this action;

    (c)  The Court and court employees, court reporters and stenographic reporters;

    (d)  Any other person whom the Defendants and Plaintiffs, as the case may be, agree in writing or whom the Court may direct; and

    (e)  Outside witnesses, consultants and/or experts, subject to the provisions hereof. Confidential Materials and the information they contain or reflect shall not be shown or revealed to any officer, director, employee, or agent of any party represented by Stipulating Counsel except to the extent allowed by paragraph 4 hereof.

  3.  After first conferring with the Defendants' counsel, any Stipulating Counsel may, to the extent necessary for the prosecution or defense of this action, in good faith, make Confidential Materials available to witnesses, consultants, or expert witnesses, provided that, prior to delivering Confidential Materials to the witness, consultant, or expert, Stipulating Counsel shall obtain from the witness, consultant, or expert an undertaking in the following form signed and dated by the witness, consultant, or expert:

> I hereby acknowledge that I am to receive information and/or documents designated as confidential pursuant to the terms of the Agreed Protective Order of Confidentiality dated _____, in Civil Action No. 3:18-cv-00047, entitled <u>Ricky Matlock and Bridget Matlock, Plaintiffs, v. RoundPoint Mortgage Servicing Corporation; Embrace Home Loans, Inc.; and LoanCare, LLC, Defendants</u>, pending in the United States District Court for the Middle District of Tennessee. I acknowledge receipt of a copy of that Agreed Protective Order of Confidentiality, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.

I further agree that any information designated confidential pursuant thereto which is delivered to me will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Agreed Protective Order of Confidentiality. I further understand and agree that any summaries or other documents containing knowledge or information obtained from confidential documents or information furnished to me shall also be treated by me as confidential. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Agreed Protective Order of Confidentiality. I also agree to dispose of all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials, may be designated as confidential in accordance with paragraph 1 of this Order. At the request of Stipulating Counsel, the entire transcript of any deposition shall be deemed to be Confidential Materials within the terms of this order. The cover page of such transcript shall thereupon be prominently so marked.

5. Interrogatories, document requests, requests for admissions and responses thereto, as well as any other Court paper, briefs, motions or letters, which contain or reflect Confidential Materials within the terms of this Order shall be segregated and prominently so marked in accordance with paragraph 1 hereof.

6. To the extent Confidential Materials or materials which reveal the contents of Confidential Materials are filed, prior to trial, in this or any other Court, or the substance thereof is revealed in papers filed in this or any other Court or in the transcript of any Court hearings or

3

other proceedings, such materials, papers and/or transcripts shall be segregated and prominently marked in accordance with paragraph 1 hereof and as being subject to the terms of this Order; and the same shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents and the following legend:

### **CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Middle District of Tennessee in the above-captioned action. This envelope shall not be opened or unsealed other than by a Judge of this Court or at his or her express direction, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this action.

7. Every person, firm, or organization receiving Confidential Materials pursuant to this Order shall use the same solely for purposes of this action, and shall not sell, offer to sell, make available, communicate or give the same or its substance in whole or in part to any other person, firm or organization, except in accordance with this Order.

8. Receipt of documents, information or other materials designated as Confidential Materials pursuant to this Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protective, and Stipulating Counsel shall not be obliged to challenge the propriety of any confidentiality designation. Until and unless the Court may finally determine that such documents, information or materials are not properly designated as Confidential Materials pursuant hereto, the same shall continue to be treated as Confidential Materials in accordance with the terms of this Order.

9. By making information and documents designated as Confidential Materials available for use in this action, the Defendants have not waived or compromised, and neither the clients of Stipulating Counsel nor any other person, firm or organization shall contend that the Defendants have waived or compromised, the confidentiality or protectability of the same, or of the activities of which they are a part, or of any processes, methods, techniques, operations, equipment, conclusions, insights or results.

10. Use at trial of documents, information and materials designated as Confidential Materials shall not be governed by this Order.

11. If any party disputes a designation as Confidential Materials, the parties must first attempt in good faith to resolve the dispute without the assistance of the Court. If the parties cannot agree upon the designation, counsel for the party objecting to the designation may file an appropriate motion with the Court seeking an order stating that the disputed designation is improper. The party that made the Confidential Material designation has the burden to demonstrate that its designation is proper. Until a final resolution of the dispute is achieved, whether by consent or court order, all parties shall treat the designated material as Confidential Materials.

12. Upon termination of this Litigation, all documents, information and material designated or treated as Confidential Materials pursuant to this Order shall promptly be delivered to counsel for the Defendants, as the case may be, or their designee, or disposed of pursuant to further order of the Court. Alternatively, any receiving party may, at its option and cost, destroy such materials in a secure manner that ensures confidentiality and renders the information no longer recognizable. With respect to produced ESI, persons or entities in possession of such information shall make reasonable efforts to destroy such information from their active systems and hardware, including email boxes and litigation support databases. If a party chooses to securely

destroy documents, within ninety (90) calendar days following the conclusion of all proceedings in this Litigation, the destroying party must certify in writing to the producing party that all reasonably accessible Confidential Material has been destroyed.

Notwithstanding this provision, at the conclusion of all proceedings in this Litigation, a receiving party shall not be required to delete information that may reside on their respective electronic disaster recovery systems; however, any Confidential Material are subject to an ongoing obligation to protect the confidentiality of the material. To the extent Confidential Material from such electronic disaster recovery system has been restored in the normal course of business, however, such Confidential Information shall be destroyed as set forth in this paragraph.

Despite the provisions of this paragraph, counsel of record may keep for archival purposes copies of all deposition transcripts, court filings, and attorney work product that contains or explicitly references Confidential Material, provided the Documents and Information are treated as confidential under this Order and viewed only by the attorneys and their employees and not by the parties themselves or any other individual or entity.

Nothing in this paragraph shall require a Party to return or destroy Confidential Information if the Party had rights independent of this Order to possess or use the Confidential Information.

For purposes of this Order, "termination of this Litigation" or the "conclusion of all proceedings" shall occur upon full settlement of all issues involved in the matter or the exhaustion of all appeals.

13. Nothing herein shall preclude any party to this action from moving to vacate or modify this order or any provision thereof, provided such party shall have complied with duty under FED. R. CIV. P. 26 to confer in good faith with the other party in an attempt to resolve the matter without court intervention. Such motion to vacate or modify shall be accompanied by the

certification required by FED. R. CIV. P. 26(c).

**ENTERED** This 4th day of April, 2019.

_____
**ALISTAIR E. NEWBERN**
U.S. MAGISTRATE JUDGE

**APPROVED FOR ENTRY:**

| ATTORNEYS FOR PLAINTIFFS | ATTORNEY FOR DEFENDANTS |
|---|---|
| /s/ Patrick Barrett | /s/ Shaun K. Ramey |
| Patrick Barrett, Esq. | Shaun K. Ramey, Esquire |
| TN Bar # 020394 | TN Bar # 035574 |
| Primary: pbarrett@barrettlawofficetn.com | Primary: sramey@mcglinchey.com |
| Barrett Law Office, PLLC | McGlinchey Stafford, PLLC |
| 4205 Hillsboro Pike, Suite 303 | 424 Church Street, Suite 2000 |
| Nashville, TN 37215 | Nashville, TN 37219 |

/s/ Henry Todd
Henry Todd, Esq.
TN Bar # 005574

*Attorney for RoundPoint Mortgage Servicing Corporation and Embrace Home Loans, Inc.*

TODD & SPENCER
404 East College Street, Suite 1
Dickson, TN 37055
henrytoddjr@bellsouth.com

*Attorneys for Ricky Matlock and Bridget Matlock*

7

Case 3:18-cv-00047   Document 56   Filed 04/08/19   Page 7 of 7 PageID #: 342