IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICKY MATLOCK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00047 |
| | ) | |
| ROUNDPOINT MORTGAGE | ) | JUDGE CAMPBELL |
| SERVICING CORPORATION, et al., | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendants. | ) | |

## MEMORADUM

Pending before the Court is the Renewed Motion to Dismiss filed by Defendants RoundPoint Mortgage Servicing Corporation ("RoundPoint") and Embrace Home Loans, Inc. ("Embrace") (Doc. No. 36), and the Motion to Dismiss filed by Defendant LoanCare, LLC ("LoanCare"). (Doc. No. 38). Plaintiffs filed Responses in Opposition (Doc. Nos. 42, 45) and Defendant LoanCare filed a Reply. (Doc. No. 47). For the reasons discussed below, the Renewed Motion to Dismiss filed by Defendants RoundPoint and Embrace is **DENIED** in part and **GRANTED** in part, and Defendant LoanCare's Motion to Dismiss is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are borrowers on a federally related mortgage loan. (Doc. No. 33 ¶ 8). Plaintiffs allege Defendants RoundPoint, Embrace, and LoanCare were all loan servicers for their home mortgage loan at the time relating to the factual allegations in the Amended Complaint. (*Id.* ¶¶ 5-7). This lawsuit arises from Defendants' servicing of Plaintiffs' mortgage loan escrow account in connection with their home mortgage loan. (*Id.* ¶ 1). Plaintiffs claim Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(g), ("RESPA") by failing to timely pay the

insurance premium for their mortgaged property from their funded escrow account when the policy became due and, as a result, Plaintiffs suffered damages. (*Id*. ¶¶ 9-15, 24).

On January 16, 2018, Plaintiffs filed a Complaint against Defendants RoundPoint and Embrace alleging violations of Sections 2605(g) and 2605(e)(1)(A) of RESPA. (Doc. No. 1 ¶¶ 23-24). On March 12, 2018, RoundPoint and Embrace moved to dismiss the Complaint for failure to state a claim. (Doc. No. 13). On September 7, 2018, Plaintiffs filed a First Amended Complaint, adding Loancare as a defendant. (Doc. No. 33). On September 17, 2018, RoundPoint and Embrace filed a Renewed Motion to Dismiss Amended Complaint, reasserting their arguments from their first Motion to Dismiss. (Doc. No. 36). On October 9, 2018, Loancare moved to dismiss the First Amended Complaint for failure to state a claim. (Doc. No. 38).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

Defendants RoundPoint and Embrace argue Plaintiffs' claims against them should be dismissed for failure to state a claim because there is no supportable allegation that they were in possession of information in order to pay Plaintiffs' renewal insurance premium. (Doc. No. 14 at 1). Defendant Loancare argues dismissal is appropriate because "[n]owhere in the Complaint are there any factual allegations or claims against [it]…" (Doc. No. 38-1 at 3). Plaintiffs argue dismissal is unwarranted because the Amended Complaint adequately alleges that Defendants failed to pay insurance premiums in violation of 12 U.S.C. § 2605(g). (Doc. Nos. 23, 45).

### A. Defendants RoundPoint and Embrace

#### 1. 12 U.S.C. § 2605(g)

Plaintiffs allege Defendants violated section 2605(g) of RESPA by failing to pay timely the insurance premium for their mortgaged property from their funded escrow account when the policy became due. (Doc. No. 33 ¶ 24). Section 2605(g) of RESPA provides:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

12 U.S.C. § 2605(g). Defendants RoundPoint and Embrace challenge Plaintiffs' factual assertions, arguing the Amended Complaint should be dismissed for failure to state a claim because "there is no *supportable* allegation that Defendants were in possession of information in order to pay Plaintiffs' renewal insurance premium…" (Doc. No. 14 at 1) (emphasis added). In support of their argument, RoundPoint and Embrace rely on an unauthenticated document filed with their Motion as Exhibit B (Doc. No. 13-2), which they contend is a Renewal Certificate of Insurance referenced

in paragraph 12 the Original Complaint.[1] (Doc. No. 13 at 1). RoundPoint and Embrace note they are not identified on the alleged Renewal Certificate, arguing "[a]lthough the Renewal Certificate does not contain an address for the mortgagee, if it was sent to the mortgagee, logically it would [not] have been sent to … an address for [RoundPoint or Embrace]." (Doc. No. 14 at 5). Thus, RoundPoint and Embrace appear to ask the Court to rely on an unauthenticated document in order to draw an inference contradictory to factual allegations in the Amended Complaint and in so doing resolve a factual dispute in their favor in order to dismiss the claims against them. In response, Plaintiffs argue Defendants' motion should be denied because it attempts to raise a question of fact as to whether RoundPoint and Embrace had notice of Plaintiffs' renewal insurance premiums and factual questions should not be resolved at the motion to dismiss stage. (Doc. No. 23 at 1).

As Plaintiffs correctly note, whether Defendants were in possession of information in order to pay Plaintiffs' renewal insurance premium is a question of fact, which the Court may not consider or resolve on a motion to dismiss. *See, e.g., Ecclesiastical Order of the ISM of AM, Inc. v. IRS*, 725 F.2d 398, 403 (6th Cir. 1984) (Jones, J., concurring in part and dissenting in part); *City of Morristown v. AT&T Corp.*, 206 F. Supp. 3d 1321, 1330 (E.D. Tenn. 2016); *Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012) ("The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the

---

[1] Plaintiffs did not attach any documents to their Amended Complaint, *see* Doc. No. 33, and they argue the Court should exclude the unauthenticated document attached to Defendants' Motion as Exhibit B from consideration on Defendants' Motion. (Doc. No. 23 at 7). In considering a Rule 12(b)(6) motion, the Court may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). In the present case, even if the unauthenticated Renewal Certificate attached to Defendants' Motion as Exhibit B is referenced in one paragraph of the Amended Complaint, the Renewal Certificate is not necessarily determinative of Plaintiffs' claims. Moreover, a ruling upon Defendants' motion does not require consideration of the Renewal Certificate. Accordingly, the Court declines to consider the unauthenticated document attached to Defendants' Motion as Exhibit B for the purposes of the pending motion to dismiss.

merits of a claim, or the applicability of defenses.") (citations and internal quotation marks omitted). Accordingly, the Court declines to consider Defendants' factual based argument in ruling on the present motion. Therefore, Defendants' Motion to Dismiss Plaintiffs' claim under 12 U.S.C. § 2605(g) is **DENIED**.

        **2.**        **12 U.S.C. § 2605(e)**

The Amended Complaint alleges Defendants failed to acknowledge receipt of Plaintiffs' qualified written request within five business days, as required by Section 2605(e)(1)(A) of RESPA. (Doc. No. 33 ¶¶ 19-20, 25). RoundPoint and Embrace argue Plaintiffs' claim under 12 U.S.C. § 2605(e) should be dismissed "because they pled no cognizable damages, actual or statutory, under this section." (Doc. No. 14 at 6).

The Sixth Circuit has cautioned against dismissing claims under 12 U.S.C. 2605(e) "on the basis of inartfully-pleaded actual damages." *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 722 (2013); *see also Mellentine v. Ameriquest Mortg. Co.,* 515 F. App'x 419, 424–25 (6th Cir. 2013) (allegations that defendant failed to respond to a qualified written request within the statutory period and that plaintiffs sustained "damages in an amount not yet ascertained, to be proven at trial" sufficed to state a RESPA claim). However, Plaintiffs do not challenge or otherwise address Defendants' argument to dismiss this claim in their Response. Additionally, the Amended Complaint fails to allege actual damages resulting from Defendants' delay in responding to Plaintiffs' qualified written request as required by 12 U.S.C. § 2605(e). Rather, the only actual damages alleged in the Amended Complaint are those Plaintiffs claim resulted from Defendants' violation of 12 U.S.C. § 2605(g). (Doc. No. 33 ¶ 24). Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim under 12 U.S.C. § 2605(e) is **GRANTED**.

### B. Defendant LoanCare

Defendant LoanCare moves to dismiss the Amended Complaint for failure to state a claim, arguing "[t]here are no facts pleaded whatsoever showing that LoanCare was involved in the wrongdoing complained of." (Doc. No. 38-1 at 3). In response, Plaintiffs argue the Amended Complaint adequately alleges Defendants failed to pay insurance premiums in violation of 12 U.S.C. § 2605(g) and point to the allegations made against the Defendants collectively. (Doc. No. 45 at 5-6). The Amended Complaint alleges Defendant LoanCare "was a loan servicer for the mortgage loan of Plaintiffs at the time relating to the factual allegations herein." (Doc. No. 33 ¶ 7). The Amended Complaint further alleges, in pertinent part:

> 11. After the subject mortgage was created, Defendants began paying the homeowners insurance premium to State Farm on an annual basis. Defendants included said payment in their annual calculation of the escrow payment. Defendants were billed for the homeowners policy period January 15, 2016 – January 15, 2017, and in fact paid that premium to State Farm.
>
> 12. In June of 2016, Plaintiffs received documentation showing that Defendants anticipated paying for this insurance in January, 2017.
>
> 13. State Farm billed Defendants for this insurance in November 2016 at the same address as the year before. State Farm provided a premium notice and agent issued declarations to the Plaintiffs and to Defendant as shown by the Notice. The date due for the payment of the insurance premium was January 15, 2017. Although Defendants were aware of the due date, Defendants failed to pay the insurance premium until February 24, 2017.

(*Id.* ¶¶ 11-13). Construing the Amended Complaint in the light most favorable to Plaintiffs, the Court finds the allegations in the Amended Complaint state a claim against Defendant LoanCare

for violating 12 U.S.C. § 2605(g).[2] Accordingly, Defendant LoanCare's Motion to Dismiss for failure to state a claim is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that typically a party must identify facts that delineate the allegedly wrongful acts of each Defendant. However, there is no mystery as to what allegedly wrongful acts Plaintiffs claim Defendants RoundPoint, Embrace, and LoanCare did in this case, and Defendant LoanCare can readily identify the nature of this single count RESPA case. Plaintiffs have done all they must to provide Defendant LoanCare the notice it is entitled to under Rule 8(a), and the fact that some paragraphs of the Amended Complaint refer to "the Defendants" rather than listing each defendant's name does not require dismissal. Whether Defendant LoanCare did or did not engage in the conduct Plaintiffs ascribe to all Defendants is something that will likely be determined through the course of discovery.