The parties' joint motion to extend the deadline for fact discovery from June 21, 2019, to June 25, 2019, is GRANTED. The case management order is amended to reflect this extension as set forth below.

_____
Alistair E. Newbern
U.S. Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY MATLOCK and BRIDGET MATLOCK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION; EMBRACE HOME LOANS, INC.; and LOANCARE, LLC | ) ) ) ) |
| Defendants. | ) ) |

Case No.: 3:18-cv-00047
Judge William L. Campbell, Jr.
Magistrate Alistair Newbern

## [~~PROPOSED~~] AMENDED CASE MANAGEMENT ORDER

**A.** **JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 2614 of The Real Estate Settlement and Procedures Act ("RESPA") and venue is proper pursuant to 28 U.S.C. § 1391(b).

**B.** **BRIEF THEORIES OF THE PARTIES:**

1. **Plaintiffs' Theory of the Case:** Plaintiffs are borrowers on a federally related loan on residential property located at 1153 Gallion Road, Cumberland Furnace, Tennessee. Plaintiffs paid to the Defendants escrow funds on a monthly basis for them to pay taxes and insurance premiums on the subject property.

Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") and Defendant Loancare, LLC ("Loancare") were loan servicers for the mortgage loan of Plaintiffs at the time relating to the factual allegations herein. Defendant Embrace Home Loans, Inc.

344060.2

1

("Embrace") was the lender and a servicer for the mortgage loan of the Plaintiffs at the time relating to the factual allegations herein.

Pursuant to the Deed of Trust, Defendants held funds in an escrow account to pay property taxes, mortgage insurance and homeowner's insurance premiums in relation to the subject property. Defendants determined the amount of the monthly escrow payment on an annual basis, and Plaintiffs have made all payments due pursuant to the mortgage loan and Deed of Trust in a full and timely fashion.

On January 8, 2014, Plaintiffs obtained automatically renewable homeowners insurance coverage from State Farm Fire And Casualty Company ("State Farm") on the replacement value of the dwelling, outbuilding and contents located at the subject property, showing that Defendant Embrace was an additional insured and that the bills would be sent to Lender. Plaintiffs have not cancelled their homeowners coverage through State Farm at any time since 2014.

In January of 2015, Defendants were paying the homeowners insurance premium to State Farm on an annual basis. Defendants included said payment in their annual calculation of the escrow payment. Defendants were billed for the homeowner's policy period January 15, 2016-January 15, 2017, and in fact paid that premium to State Farm.

State Farm billed Defendants for this insurance in November 2016 at the same address as the year before. The date due for the payment of the insurance premium was January 15, 2017. Although Defendants were aware of the due date, Defendants failed to pay the insurance premium until February 24, 2017.

344060.2

2

Case 3:18-cv-00047   Document 74   Filed 06/17/19   Page 2 of 11 PageID #: 435

On February 17, 2017, there was a fire at the subject property, resulting in damage to the building and some of the contents of the building. Plaintiffs reported this loss to their State Farm agent. State Farm advised the Plaintiffs that the policy was effectively cancelled for non-payment. After the fire, Plaintiffs discovered that Defendants had failed to pay the annual premium that was due on January 15, 2017.

Defendants' failure to pay the insurance premium for the subject property violates 12 U.S.C. § 2605(g) and 12 CFR § 1024.34. Additionally, Defendants failed to rectify this situation in response to the Notice of Error submitted on July 27, 2017.

Plaintiffs' actual damages are recoverable from Defendants pursuant to 12 U.S.C. § 2605(f)(1)(A) as well as additional damages under 12 U.S.C. § 2605(f)(1)(B).

Plaintiffs are entitled to the costs of this action plus reasonable attorney fees pursuant to 12 U.S.C. § 2605(f)(3).

2. **Defendants RoundPoint and Embrace's Theory of the Case:** Defendants RoundPoint and Embrace (collectively, the "Defendants") state that the Plaintiffs have failed to assert a cause of action against them, and as such, Defendants filed a **Motion to Dismiss** and Brief in support thereof on **March 12, 2018** and re-filed their Motion on **September 27, 2018** to the Amended Complaint to the extent a new or renewed motion was needed. Among other things, the Defendants assert that (1) the Plaintiffs failed to allege sufficient facts whereby this Court could conclude that the Defendants were in possession of necessary information (i.e., the Renewal Insurance Certificate) in order to pay Plaintiffs' renewal insurance premium and comply with their RESPA duties under 12 U.S.C. § 2605(g); (2) Plaintiffs' breached duties in their Deed of Trust by not forwarding insurance policy renewal information (of which they were in

344060.2

3

Case 3:18-cv-00047   Document 74   Filed 06/17/19   Page 3 of 11 PageID #: 436

possession) so that Defendants could comply with their RESPA duties under 12 U.S.C. § 2605(g); and (3) Plaintiffs' claim under 12 U.S.C. § 2605(e) fails because the Notice of Error ("NOE") was sent *after* the fire, and thus, any noncompliance on the part of the Defendants could not be attributable to the NOE. Simply put, the Defendants cannot be held liable for failing to pay an insurance premium renewal when they did not have sufficient information in order to make the payment.

Defendants further deny that they paid prior insurance policy renewals. Rather, these renewals were paid by a prior servicer and that prior servicer was sent the renewal in question. The prior servicer did not forward any insurance renewal information to the Defendants. Further, on multiple occasions, Defendants contacted the Plaintiffs and their insurance agent in order to get the mortgagee clause updated on the insurance policy as well as to obtain a copy of any renewal but neither the Plaintiffs nor their insurance agent responded to the Defendants until *after* the fire.

3. **Defendant LoanCare's Theory of the Case**: LoanCare asserts that the Plaintiffs have failed to state any claim against it, and as such, filed a **Motion to Dismiss** on **October 9, 2018**. LoanCare was added to the case by way of the Amended Complaint filed on September 7, 2018. However, there is no mention of LoanCare whatsoever within the factual allegations in the Amended Complaint. As such, LoanCare should be dismissed from this case.

Aside from the Amended Complaint failing to state a claim, the known facts of this case show that LoanCare is not a proper Defendant. The Plaintiffs' case centers on an allegation that their loan servicer did not pay to renew their homeowners' insurance policy in late 2016/early 2017 (bill sent November 2016 with a due date of February 24, 2017). LoanCare has serviced the subject mortgage loan twice. The first time, servicing ended and transferred to Defendant RoundPoint on February 2, 2016. RoundPoint serviced the loan from February 2, 2016, until

344060.2

4

September 5, 2017, when servicing was transferred back to LoanCare. It is believed that LoanCare was added as a Defendant because the renewal statement listed LoanCare as the mortgagee. This is likely because LoanCare was the servicer at the time of the prior renewal. However, once servicing transferred to RoundPoint, it was the Plaintiffs' responsibility to change the mortgagee with their insurance company so that the renewal statement was sent to the right mortgagee. Once servicing transferred, LoanCare had no responsibility under any law to pay for the renewal policy or to notify the insurance company of the change of servicer.

      C.      **ISSUES RESOLVED:** Jurisdiction and venue.

      D.      **ISSUES STILL IN DISPUTE:** Liability and damages.

      E.      **INITIAL DISCLOSURES:** Plaintiff and Defendants RoundPoint and Embrace have already exchanged initial disclosures between one another. Defendant LoanCare shall provide its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **November 9, 2018.**

      F.      **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. Accordingly, the parties propose to conduct a non-binding mediation of their dispute on or before **February 15, 2019** in order to permit time for a ruling on the pending Motions to Dismiss and to allow the parties sufficient time to conduct initial fact discovery in the matter to maximize the possibility of successful resolution at the mediation. The parties also agree that approximately fourteen (14) days following the conclusion of factual discovery, or on or before **May 10, 2019,** that they will submit a joint report confirming that the parties made a good faith attempt to resolve the case as well as any additional ADR that they believe at the time might assist them in resolving their dispute. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the

reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G.   DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before **June 25, 2019**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **March 8, 2019.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery- related motions. All discovery motions shall be filed by no later than **June 7, 2019**.

In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H. MOTIONS TO AMEND OR TO ADD PARTIES**: Pursuant to this Court's order dated September 7, 2018 (D.E. 34), Plaintiffs' deadline to amend pleadings or add parties is 30 days following the filing of Defendants' Answers. Defendants have 30 days to amend their pleadings following the filing of any amendment by Plaintiffs.

**I. DISCLOSURE AND DEPOSITIONS OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 17, 2019**. The defendant shall identify and disclose all expert witnesses and reports on or before **June 7, 2019**.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(6.d). Expert depositions shall be completed by **June 21, 2019**.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**. A subsequent case management conference shall be held telephonically on **March 13, 2019 at 9:30 a.m**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The parties shall call (888) 557-8511 and enter access code 7819165# to participate.

**K. DISPOSITIVE MOTIONS**: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **July 19, 2019**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of

the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY**. The parties have reached an agreement on how to conduct electronic discovery. Administrative Order No.174 therefore need not apply to this case. In the absence of an agreement, the default standards of Administrative Order No. 174 will apply. Any agreement between the parties to address the topics provided by Administrative Order No. 174 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

**M. MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2.f) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and

the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS**. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The jury trial of this action is expected to last approximately two (2) days. A trial date no earlier than **September 23, 2019** is respectfully requested.[1] The target trial date is **December 10, 2019**.

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.

344060.2

It is so **ORDERED**.

**ALISTAIR E. NEWBERN**
U.S. MAGISTRATE JUDGE

**APPROVED FOR ENTRY**:

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| /s/ Patrick Barrett<br>Patrick Barrett, Esq.<br>TN Bar # 020394<br>Primary: pbarrett@barrettlawofficetn.com<br><br>BARRETT OFFICE LAW, PLLC<br>4205 Hillsboro Pike, Suite 303<br>Nashville, TN 37215<br><br>/s/ Henry Todd<br>Henry Todd, Esq.<br>TN Bar # 005574<br><br>TODD & SPENCER<br>404 East College Street, Suite 1<br>Dickson, TN 37055<br>henrytoddjr@bellsouth.com<br><br>*Attorneys for Ricky Matlock and Bridget Matlock* | /s/ Shaun K. Ramey<br>Shaun K. Ramey, Esquire<br>TN Bar # 035574<br>Primary: sramey@mcglinchey.com<br>Secondary: cschafovaloff@mcglinchey.com<br><br>McGLINCHEY STAFFORD<br>424 Church Street, Suite 2000<br>Nashville, TN 37219<br>*Attorney for RoundPoint Mortgage Servicing Corporation and Embrace Home Loans, Inc.*<br><br>/s/ Bret J. Chaness<br>Bret J. Chaness, Esq.<br>TN Bar # 31643<br>Natalie K. Brown, Esq.<br>TN Bar # 22452<br>bchaness@rubinlublin.com<br>nbrown@rubinlublin.com<br><br>RUBIN LUBLIN TN, PLLC<br>3145 Avalon Ridge Place, Suite 100<br>Peachtree Corners, GA 30071<br><br>RUBIN LUBLIN TN, PLLC<br>119 South Main Street, Suite 500<br>Memphis, TN 38103<br><br>*Attorneys for LoanCare, LLC* |