IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY MATLOCK and BRIDGET MATLOCK,<br><br>   Plaintiffs,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION, EMBRACE HOME LOANS, INC., and LOANCARE, LLC,<br><br>   Defendants. | Case No. 3:18-cv-00047<br>Judge William L. Campbell, Jr.<br>Magistrate Judge Newbern |

**LOANCARE, LLC'S RESPONSE TO PLAINTIFFS'
MOTION TO FILE UNDER SEAL**

COMES NOW, LoanCare, LLC ("LoanCare"), and files this Response to the Plaintiffs' Motion to File Under Seal, and files this Response in Objection to Plaintiffs' Motion to File Under Seal. Specifically, LoanCare objects to the inclusion of its subservicing agreement in Exhibit H, [Docs. 90-8; 93-8], and requests that this Court Order that the exhibit be removed, and that Plaintiffs file an amended exhibit.

**INTRODUCTION**

Plaintiffs seek to file an exhibit containing confidential materials that are not referenced in, or supportive of, any argument advanced by Plaintiffs. *See* [Docs. 90-8; 93-8]. In the event that the Motion for Leave to File Document Under Seal filed by Plaintiffs, [Doc. 87], is denied and the Exhibit filed by Plaintiffs is unsealed, the confidential information of LoanCare, which Plaintiffs *do not reply upon* in their Responses, will be made public to LoanCare's detriment. Further, the inclusion of these documents is superfluous and supports no argument advanced by Plaintiffs. LoanCare respectfully submits that, as its Confidential Materials appear to be included

within Plaintiffs' Exhibit by mistake, this Court should Order that Exhibit H, filed as Doc. 90-8 and 93-8, be removed and that Plaintiffs file an Amended Exhibit H containing only the Confidential Materials actually referenced within their Responses.

## STATEMENT OF FACTS

The parties to this action entered into an Agree Protective Order of Confidentiality that was made effective as to LoanCare on May 10, 2019 (the "Protective Order"). [Docs. 56, 65]. Pursuant to this Protective Order, the parties have agreed that some information produced during discovery may constitute, contain, or reflect confidential information and that documents and material containing such information would be marked as Confidential Materials. [Doc. 56, p. 1]. The parties further agreed that such materials would be used solely for the purpose of this action. [Doc. 56, p. 4]. Relying upon the provisions of the Protective Order, Defendants LoanCare, Embrace, and RoundPoint disclosed certain confidential documents and agreements during the course of discovery.

LoanCare filed its Motion for Summary Judgment, Brief in Support, and Statement of Undisputed Material Facts on July 19, 2019. [Docs. 76; 77; 78]. Defendants Embrace Home Loans, Inc. ("Embrace") and RoundPoint Mortgage Servicing Corporation ("RoundPoint") also filed their Motion for Summary Judgment, Brief in Support, and Statement of Undisputed Material Facts on July 19, 2019. [Docs. 79; 80; 81]. Plaintiffs filed responses to both Motions for Summary Judgment and Statements of Undisputed Material Facts filed by Defendants on August 16, 2019 ("Plaintiffs' Responses"). [Docs. 88 – 93].

In the Joint Motion to Amend the Protective Order, the parties agreed that any filing of documents marked as Confidential Materials would comply with this Court's Local Rules and Order governing filing documents under seal. [Docs. 85, 86]. Pursuant to this provision,

Plaintiffs also filed their Motion for Leave to File Document Under Seal on August 16, 2019. [Doc. 87]. However, Exhibit H, designated as Docs. 90-8 and 93-8, and filed in support of Plaintiffs' Responses contains documents marked as Confidential Materials, but which *are not* referenced in or used to support either Plaintiffs' Response to the Motions for Summary Judgment or Response to the Statements of Undisputed Material Facts. *See* [Docs. 88; 89; 90-8; 91; 92; 93-8].

## ARGUMENT AND CITATION OF AUTHORITY

### I. Standard of Review

The Federal Rules specify that documents produced during discovery "**must not be filed until they are used in the proceeding or the court orders filing.**" Fed. R. Civ. P. 5(d)(1)(A) (emphasis added). Further, this Court's local rules governing motions to seal clearly contemplate that documents filed under seal are intended for use in the proceeding. Specifically, it is the "burden of the party **intending to use information or documents** designated as confidential to file a motion to seal under LR 7.01(a)." LR 5.03(b)(emphasis added).

Further, "every court has supervisory power over its own records and files." *Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473 (6th Cir. 1983). Therefore, a Court in its discretion may remove exhibits from its file prior to public inspection. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473 (6th Cir. 1983). Notably, the Supreme Court has found that "where court files might have become a vehicle for improper purposes", a court may exercise its supervisory power over its records. *Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). In fact, courts have refused public access to documents that would serve as

"sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). A Court may also exclude an exhibit under Rule 403 when its "probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *In re Air Crash Disaster*, 86 F.3d 498, 531 (6th Cir. 1996); Fed. R. Evid. 403.

**II. The Confidential Documents have no Bearing on Plaintiffs' Arguments.**

In their motion to seal, Plaintiffs assert that "they intend to rely on materials produced by Defendants in discovery that Defendants have designated as confidential pursuant to the protective order entered in this case." [Doc. 87, p. 1]. In the Affidavit of Patrick Barrett, counsel for Plaintiffs attests that, "Attached hereto as Exhibit H is a true and correct copy of the Subservicing Agreement between Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation dated October 13, 2015 (DEF/MATLOCK 430-849)." [Doc. 90, ¶ 9; Doc. 93, ¶ 9]. However, the document attached as Exhibit H actually contains *several* agreements and confidential documents only one of which is the Subservicing Agreement between Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation dated October 13, 2015. [Doc. 90-8; Doc. 93-8]. Specifically, Exhibit H contains: 1) the Subservicing Agreement between Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation dated October 13, 2015 (DEF/MATLOCK 430 – 542); 2) the Amended Subservicing Agreement between Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation dated November 17, 2017 (DEF/MATLOCK 543-659); 3) the Limited Power of Attorney recorded September 25, 2017 (DEF/MATLOCK 660 – 663); 4) the Limited Power of Attorney recorded September 28, 2016 (DEF/MATLOCK 664 – 667); 5) the RoundPoint Policy for Escrow

Administration (DEF/MATLOCK 668-730; 6) the Subservicing Agreement between LoanCare (DEF/MATLOCK 731-816); 7) an unidentified Privacy Notice (DEF/MATLOCK 817-818); and 8) a Master Service Agreement between RoundPoint and Willian of Ohio, Inc. (DEF/MATLOCK 819-849). [Doc. 90-8; Doc. 93-8].

Despite the assertion that Plaintiffs intend to rely on this Exhibit for their Responses, the vast majority of the pages included in Exhibit H, and marked as Confidential Materials, are not refenced in *any* Response to which they are attached. Of the 8 discrete documents included within Exhibit H, only the Servicing Agreement between Embrace and RoundPoint identified in Plaintiffs' Affidavit and the Policy for Escrow Administration are actually referenced and cited to in Plaintiffs Responses. [Docs. 88; 89; 91; 92]. Under the Federal Rules, the documents contained in Exhibit H, but not referenced in Plaintiffs' Responses never should have been filed. Fed. R. Civ. P. 5(d)(1)(A). Further, although the burden for establishing the reason to seal a document remain on the party designated such documents as confidential, "the party who designated the materials as confidential retains the burden of meeting the requirements set out in LR 7.01(a)." LR. 5.03(b). The motion to seal as described in rules 5.03(a) and 7.01(a) clearly contemplate a motion demonstrating the reasons for use and protection of certain filed documents. LR 5.03; LR 7.01.

Far from establishing the use for the majority of the pages included in Exhibit H, Plaintiffs fail to even properly identify the documents contained in Exhibit H. According to Plaintiffs, Exhibit H is simply "the Subservicing Agreement between Embrace Home Loans, Inc. and Roundpoint Mortgage Servicing Corporation dated October 13, 2015." [Doc. 90, ¶ 9; Doc. 93, ¶ 9]. It is also important to note that Plaintiffs make *no mention* on the subservicing agreement between Embrace and LoanCare that is also included within Exhibit H either in the

Affidavit or in Plaintiffs' Responses. [Docs. 88, 89, 90; Docs. 91, 92, 93]. LoanCare argues that the inclusion of the agreement within Exhibit H is inappropriate. Rule 5.03 plainly states that a motion to seal is used by a "party **intending to use information or documents** designated as confidential." LR 5.03(b)(emphasis added). Only then, does the burden shift to the Party asserting Confidentiality to argue the appropriateness of sealing the document.

However, LoanCare respectfully submits that it should not have to argue the validity of the confidential label on its subservicing agreement because the agreement is not filed by a "party intending to use [the] information or documents" LR. 5.03(b); Fed. R. Civ. P. 5(d)(1)(A). Further, LoanCare objects to its inclusion as part of Exhibit H as documents produced during discovery "**must not be filed** until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1)(A) (emphasis added). It is clear from Plaintiffs' Responses and filed Affidavit of counsel that Plaintiffs had no intention to use LoanCare's subservicing agreement. LoanCare respectfully submits that it does not need to address the question of whether or not to seal the document, because that determination is irrelevant in light of the fact that it should never have been filed.

### III. The Court May Remove or Strike Inappropriate or Non-Confirming Exhibits.

As discussed above, documents produced during discovery are not to be filed until used in the proceeding and a motion to seal is for those documents a party actually intends to use, *not* for any documents that may be submitted. Additionally, it is well within this Court's discretion to supervise its records exclude certain exhibits and evidence. *Nixon*, 435 U.S. at 598; *In re Knoxville News-Sentinel*, 723 F.2d at 474; *In re Air Crash Disaster*, 86 F.3d at 53; Fed. R. Evid. 403. In exercising this discretion, the Court may refuse to consider evidence submitted or strike the evidence altogether. *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 483 Fed.

6

Case 3:18-cv-00047   Document 94   Filed 08/30/19   Page 6 of 8 PageID #: 2121

Appx. 85, 95 (6th Cir. 2012)("Given that the district court did not abuse its discretion in declining to consider the new evidence submitted, it was also not an abuse of discretion for it to strike the letters.").

Therefore, because it is clear that Plaintiffs do not intend to use the LoanCare Subservicing Agreement to support Plaintiffs' Responses, and because discovery materials are not to be filed until they are used, LoanCare respectfully submits that Exhibit H should be removed from the record and replaced with an Amended Exhibit containing only those discovery materials Plaintiffs intend to use to support their filed Responses.

## CONCLUSION

For these reasons, LoanCare respectfully requests that this Court remove Exhibit H filed as Docs. 90-8 and 93-8 from the record and require Plaintiffs to file an Amended Exhibit containing only those discovery materials Plaintiffs intend to use to support their filed Responses.

Respectfully submitted, this 30th day of August 2019.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)
>**RUBIN LUBLIN TN, PLLC**
>3140 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>
>*Attorney for LoanCare, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, I filed the within and foregoing document via the Court's CM/ECF system. Filing via the Court's CM/ECF system caused service of the aforementioned documents to be made electronically on the following attorneys for the Parties on this day: (1) Henry Todd, Jr., (2) Patrick M. Barrett, III; (3) Joseph V. Ronderos, Jr.; and (4) Shaun K. Ramey.

>        */s/ Bret J. Chaness*
>        BRET J. CHANESS (BPR # 31643)