**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| RICKY MATLOCK and BRIDGET MATLOCK,<br><br>     Plaintiffs,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION, EMBRACE HOME LOANS, INC., and LOANCARE, LLC,<br><br>     Defendants. | Case No. 3:18-cv-00047<br>Judge William L. Campbell, Jr.<br>Magistrate Judge Newbern |

**LOANCARE, LLC'S RESPONSE TO PLAINTIFFS'
STATEMENT OF ADDITIONAL MATERIAL FACTS**

COMES NOW, LoanCare, LLC ("LoanCare"), and files this Response to the Plaintiffs' Statement of Additional Material Facts that were filed in response to LoanCare's Motion for Summary Judgment, respectfully showing this Honorable Court as follows:

1. In addition to being the lender, Embrace owned the mortgage servicing rights in connection with this loan. (Johnson depo, p. 8-9, 13).

**Response:** Undisputed.

2. "A servicer owns the servicing rights. Some of them service on their own behalf, some of them select a sub-servicer to do these duties." (Johnson depo, p. 12).

**Response:** Undisputed for purposes of summary judgment only.

3. Embrace owned the servicing rights of the subject loan from the beginning until the loan was sold in 2017. (Johnson depo, p. 14).

**Response:** Undisputed.

4. Cenlar was the original sub-servicer of the loan. (Johnson depo, p. 14).

**Response:** Undisputed for purposes of summary judgment only.

5.    In 2013, Embrace transferred the sub-servicing rights from Cenlar to Defendant LoanCare LLC ("LoanCare").  (Johnson depo, p. 14).

**Response:** Undisputed.

6.    In a letter dated March 13, 2013, Embrace notified Plaintiffs about the transfer, and also explained that "[i]nformation we have concerning required insurance on your property will be transferred to LoanCare … and we will notify your insurance provider of the transfer." (MATLOCK 0083-0084) (Bielby depo, p. 57-59).

**Response:** Undisputed.

7.    This transfer was not limited to Plaintiffs' loan, but was part of a larger transaction in which "Embrace moved all of their loans from Cenlar to LoanCare."  (Johnson depo, p. 10).

**Response:** Undisputed for purposes of summary judgment only.

8.    This portfolio included approximately 60,000 loans. (Johnson depo, p. 10-11).

**Response:** Undisputed for purposes of summary judgment only.

9.    LoanCare acted as Embrace's agent in servicing the loan, and conducted its activities as sub-servicer on behalf of Embrace. (Johnson depo, p. 84-85).

**Response:** Undisputed.

10.    LoanCare remained the sub-servicer until February of 2016, when the sub-servicing rights were transferred to Roundpoint.  (Johnson depo, p. 14).

**Response:** Undisputed.

11.    This took place when "Embrace moved their entire portfolio from LoanCare to Roundpoint.  Approximately 50,000 loans."  (Johnson depo, p. 11; 88-89).

**Response:** Undisputed for purposes of summary judgment only.

2

12.     Roundpoint was the sub-servicer until the loan was sold in 2017, at which point the sub-servicing rights were transferred back to LoanCare as part of yet another bulk transfer involving approximately 5,000 loans. (Johnson depo, p. 14, 95).

**Response:** Undisputed for purposes of summary judgment only.

13.     Using Embrace's letterhead, LoanCare sent Plaintiffs a letter dated January 18, 2016, informing Plaintiffs that the servicing of the loan was being transferred to Roundpoint. (DEF/MATLOCK 166-168).

**Response:** Undisputed for purposes of summary judgment only.

14.     This letter did not provide Plaintiffs with any indication that they needed to act to preserve their hazard insurance, and LoanCare testified that it did not send the Matlocks any document "that gives them any instructions as it relates to hazard insurance."(Bielby depo, p. 12-14).

**Response:** Undisputed for purposes of summary judgment only.

15.     Using Embrace's letterhead, Roundpoint sent Plaintiffs a letter on February 3, 2016, in which it stated that "the transfer or sale of loan servicing to other servicing institutions is a common practice, and we will work closely with Embrace Home Loans to make the transition as smooth as possible." (DEF/MATLOCK 170-171).

**Response:** Undisputed.

16.     Roundpoint further explained that "[i]f your monthly payment includes escrow for taxes and/or insurance, this will continue without interruption." (DEF/MATLOCK 170-171).

**Response:** Undisputed.

17.     This letter did not identify any steps for Plaintiffs to take in order to maintain their hazard insurance with State Farm. (DEF/MATLOCK 170-171).

3

**Response:** Undisputed for purposes of summary judgment only.

18.     Roundpoint received a monthly servicing fee from Embrace for servicing the loans, and part of that payment is intended to be compensation for paying the hazard insurance bills that are required to be paid. (Johnson depo, p. 88-89).

**Response:** Undisputed that RoundPoint receives a monthly servicing fee. Defendants, however, dispute that the amount of the fee varies for escrowed and not escrowed loans. (DEF/MATLOCK 484-486 and 599-600, filed under seal.)

19.     Roundpoint employed Loan Protector, an "insurance vendor," to "monitor, track, pay insurance, and potentially do lender placed insurance" in connection with Plaintiffs' loan. (Johnson depo, p. 100-101, 106).

**Response:** Undisputed.

20.     Plaintiffs' property was initially insured with USAA, but it has been insured with State Farm since 2014. (R. Matlock depo, p. 16-18).

**Response:** This fact is disputed but not material to the resolution of LoanCare's Motion for Summary Judgment. The subject property was not insured by State Farm during the period of time in which the policy was cancelled for nonpayment of the premium. *See* Depo. of Ricky Matlock, 59:25-60:21.

21.     Plaintiffs' insurance policy with State Farm provided coverage for the structure as well as contents. (Johnson depo, p. 22).

**Response:** Undisputed.

22.     Throughout the duration of the loan, payments for taxes and insurance have been made from Plaintiffs' escrow account. (R. Matlock depo, p. 34-35).

**Response:** Undisputed.

4

23.    "The sub-servicers were responsible for collecting the Matlocks' mortgage payments and paying the hazard insurance premiums." (Johnson depo, p. 41).

**Response:** Undisputed.

24.    Plaintiffs always made their mortgage payments in a timely fashion. (Johnson depo, p. 13, 42).

**Response:** Undisputed for purposes of summary judgment only.

25.    When the sub-servicing rights were transferred, responsibility to make sure accurate insurance information is also transferred "lies both with the prior and the new servicer." (Johnson depo, p. 23).

**Response:** Undisputed for purposes of summary judgment only.

26.    LoanCare testified that "LoanCare and Embrace don't rely on the borrower to do that," (Bielby depo, p. 60-61).

**Response:** Undisputed for purposes of summary judgment only.

27.    LoanCare conceded that it "was responsible to transfer correct insurance information to Roundpoint at the time the servicing rights were transferred." (Bielby depo, p. 46-47).

**Response:** Undisputed for purposes of summary judgment only.

28.    LoanCare testified that it provided "the required hazard insurance information to Roundpoint at the time the servicing rights were transferred in 2016." (Bielby depo, p. 30).

**Response:** Undisputed.

29.    When the servicing rights were transferred from LoanCare to Roundpoint in 2016, Roundpoint received "a State Farm policy that was in effect that was paid by LoanCare in January

of 2016, that policy number, the amount of the policy, the premium, general hazard information." (Johnson depo, p. 25).

**Response:** Undisputed.

26.    Roundpoint stored this insurance information in its servicing system, along with the applicable documents which were stored in its image repository.  (Johnson depo, p. 26).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

27.    As the sub-servicer, Roundpoint was responsible "to monitor and track hazard insurance requirements."  (Johnson depo, p. 26).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

28.    It was "Roundpoint's job to make sure that hazard insurance premiums are paid," (Johnson depo, p. 27).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

29. From the time that Roundpoint became the sub-servicer until the date of the loss, Roundpoint did not communicate with State Farm in any way about this matter. (Johnson depo, p. 26-27).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

30. From the time that Roundpoint became the sub-servicer until the date of the loss, Embrace did not communicate with State Farm in any way about this matter. (Johnson depo, p. 27).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

31. ██████████████████████████████████████████████████████████████████████████████████████

**Response:** Undisputed for purposes of summary judgment only.

32. ██████████████████████████████████████████████████████████████████████████████████████

**Response:** This fact is disputed. LoanCare is not a signatory to the cited Subservicing Agreement between Embrace and RoundPoint. *See* [Doc. 93-8] at pp. 54-55, 167.

33.    Roundpoint and LoanCare acknowledge that a bill from State Farm would be a "third party communication." (Johnson depo, p. 33)(Bielby depo, p. 76).

**Response:** Disputed. The corporate representative for Embrace and RoundPoint said that provision specifically did not apply to State Farm. (Ex. 5, Depo. of Johnson 33:7-22.) With respect to the corporate representative for LoanCare, the answer was accompanied by an objection, as the question sought to elicit a legal conclusion. (Depo of Bielby. 76:19-24.).

34.    Nothing prevented LoanCare from using that email address to let Roundpoint know that LoanCare had received the State Farm bill in error in December of 2016. (Bielby depo, p. 77).

**Response:** Undisputed for purposes of summary judgment only, except to the extent that the Plaintiffs intend that this fact shows that LoanCare is bound by service transfer instructions in the Subservicing Agreement between RoundPoint and Embrace. LoanCare is not a signatory to that agreement. *See* [Doc. 93-8] at pp. 54-55, 167.

35.    ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████

**Response:** Undisputed for purposes of summary judgment only, except to the extent that the Plaintiffs intend that this fact shows that LoanCare is bound by service transfer instructions in the Subservicing Agreement between RoundPoint and Embrace. LoanCare is not a signatory to that agreement. *See* [Doc. 93-8] at pp. 54-55, 167.

36.    LoanCare could not explain why this was not done with respect to the invoice it received from State Farm in December of 2016, and conceded that there was no "document of any

kind that would tell LoanCare that they can ignore invoices received after the transfer date."
(Bielby depo, p. 78-79, 83).

**Response:** Undisputed for purposes of summary judgment only, except to the extent that the Plaintiffs intend that this fact shows that LoanCare is bound by service transfer instructions in the Subservicing Agreement between RoundPoint and Embrace. LoanCare is not a signatory to that agreement. *See* [Doc. 93-8] at pp. 54-55, 167.

37. 

**Response:** Disputed. LoanCare is not a party to the Subservicing Agreement to which the Servicing Transfer Instructions are attached and therefore is not "required" to do anything pursuant to those instructions. *See* [Doc. 93-8] at pp. 54-55, 167.

38. This obligated LoanCare to notify State Farm in this case. (Johnson depo, p. 35, 113). (Bielby depo, p. 47).

**Response:** Disputed. LoanCare is not a party to the Subservicing Agreement to which the Servicing Transfer Instructions are attached and therefore is not "required" to do anything pursuant to those instructions. *See* [Doc. 93-8] at pp. 54-55, 167.

39. LoanCare claims that its notification to State Farm about the change in servicers was contained in a 3,984 page document that was initially produced to Plaintiffs only two days before LoanCare's deposition in this case. (Bielby depo, p. 31-33).

**Response:** Undisputed for purposes of summary judgment only.

40.    This is the only document "that reflects communication from LoanCare to State Farm notifying State Farm of the transfer." (Bielby depo, p. 32, 35, 48).

**Response:** Undisputed for purposes of summary judgment only.

41.    Out of a total of 3,984 pages, only two pages related to Plaintiffs. (Bielby depo, p. 40, 56-57)(Bielby depo exhibit 32).

**Response:** Undisputed for purposes of summary judgment only.

42.    LoanCare cannot confirm with certainty that State Farm received this notification. (Bielby depo, p. 44-46).

**Response:** Undisputed for purposes of summary judgment only.

43.    Embrace and Roundpoint do "not have proof that LoanCare sent the cancellation or the mortgagee change … to State Farm." (Johnson depo, p. 51-52) (Johnson depo, p. 113-114).

**Response:** Undisputed for purposes of summary judgment only.

44.    Roundpoint and Embrace recognize that "consumers should be protected when servicing rights are transferred so that insurance premiums aren't missed." (Johnson depo, p. 48).

**Response:**  Undisputed for purposes of summary judgment only.

45.    ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████

**Response:** Undisputed for purposes of summary judgment only.

46.    In December of 2016, LoanCare received a bill from State Farm for Plaintiffs' hazard insurance policy. (DEF/MATLOCK 238, 363) (Bielby depo, p. 17, 19).

**Response:** Undisputed for purposes of summary judgment only.

47. Plaintiffs did not receive the bill from State Farm. (R. Matlock Declaration)(B. Matlock Declaration).

**Response:** Undisputed for purposes of summary judgment only.

48. LoanCare took no steps notify the Matlocks that it had received this bill in error. (Bielby depo, p. 20-22). (Bielby depo, p. 24, 50-51, 117-118).

**Response:** Undisputed for purposes of summary judgment only.

49. LoanCare did not communicate with Roundpoint about this bill. (Bielby depo, p. 22-23). (Bielby depo, p. 24, 50-51, 117-118).

**Response:** Undisputed for purposes of summary judgment only.

50. LoanCare did not advise State Farm that they had received the bill in error. (Bielby depo, p. 24, 50-51, 117-118).

**Response:** Undisputed for purposes of summary judgment only.

51. Nothing prevented LoanCare from notifying State Farm. (Bielby depo, p. 52-53, 55).

**Response:** Undisputed for purposes of summary judgment only.

52. LoanCare did not notify Roundpoint because "Roundpoint has the same information knowing that policy is expired or coming up for expiring. They have the same obligations as LoanCare to service that loan and pay that insurance." (Bielby depo, p. 89-90).

**Response:** Undisputed for purposes of summary judgment only.

53. Plaintiffs' insurance premium was not paid, and their policy was cancelled for non-payment on February 14, 2017. (R. Matlock depo, p. 60) (B. Matlock depo, p. 43).

**Response:** Undisputed.

54. On February 17, 2017, there was a fire at the subject property that damaged the building and some of its contents. (R. Matlock depo, p. 61-63).

**Response:** Undisputed.

55. Plaintiffs did not learn that the State Farm policy had been canceled until after the fire. (R. Matlock depo, p. 60).

**Response:** Undisputed for purposes of summary judgment only.

56. ██████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

57. The "missing bill process" is performed by a computer "automatically without some human thinking about it." (Johnson depo, p. 91).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

58. While Roundpoint and Embrace acknowledge that it is fair to expect them "to deal with the missing bill in a manner that does not adversely affect their customers," (Johnson depo,

p. 54), in this case their "process" was limited to sending a letter to the Matlocks. (Johnson depo, p. 54, 64).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

59. Roundpoint would have notified State Farm if Roundpoint had a FAX number, but otherwise Roundpoint does not communicate with the carrier. (Johnson depo, p. 64).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

60. 

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

61. Roundpoint failed to follow this policy with respect to State Farm in this case, as it did not communicate to State Farm about the problem. (Johnson depo, p. 54-58).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

62.    Roundpoint's "system triggered FAX/email notifications to State Farm" that were generated by computer automatically, without any human influence. (Johnson depo, p. 54-55).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

63.    Roundpoint FAX notifications to State Farm "did not go through because "[w]e didn't have a FAX number, which is why it was rejected." (Johnson depo, p. 60-61) (Johnson depo, p. 57-58).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

64.    In its interrogatory answers served in August of 2018, Roundpoint falsely stated that it "sent faxes to State Farm's agent on March 6, 2016, December 16, 2016, December 20, 2016, January 2, 2017, February 8, 2017, and February 23, 2017 asking that the mortgagee information be updated." (Answer to Interrogatory No. 13).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs'

response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

65.     Roundpoint did not discover that its attempts to fax notifications to State Farm had failed until preparation for its deposition in May of 2019. (Johnson depo, p. 55).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

66.     Roundpoint explained that the false interrogatory answers were "an honest mistake" that occurred because "the system was misinterpreted." (Johnson depo, p. 59-60).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

67.     Embrace concedes that it has been "aware of the State Farm policy since it was created for this loan." (Johnson depo, p. 66, 73-74).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

68.     "At the time the bill had not been sent Roundpoint knew that State Farm was the relevant insurer." (Johnson depo, p. 75).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

69. "Nothing prevented Roundpoint from picking up the phone and calling State Farm to find out why the bill was missing." (Johnson depo, p. 75).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

70. "State Farm never refused to cooperate" in connection with any of the transactions relating to Plaintiffs' loan. (Johnson depo, p. 75).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

71. Roundpoint agrees that it would not be unreasonable for Plaintiffs to assume that Embrace and LoanCare shared information relating to Plaintiffs' loan. (Johnson depo, p. 73-74).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

72.     Roundpoint received the previous year's bill from State Farm when the servicing rights were transferred from LoanCare in February of 2016. (Johnson depo, p. 78-79)(DEF/MATLOCK 400).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

73.     This bill contained the phone number for Plaintiffs' insurance agent. (Johnson depo, p. 79-80).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

74.     Nothing prevented Roundpoint from calling the agent to find out where the missing bill was.  (Johnson depo, p. 79-80).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

75.     Roundpoint did not call the agent to investigate.  (Johnson depo, p. 80).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs'

response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

76.    The applicable transfer policies and procedures obligated LoanCare to send the previous year's bill to Roundpoint, as it "is the kind of insurance information that is required to be in the file." (Johnson depo, p. 81-82).

**Response:** Disputed. LoanCare is not a party to the Subservicing Agreement to which the Servicing Transfer Instructions are attached and therefore is not "required" to do anything pursuant to those instructions.

77.    A reasonable mortgage servicer follows up with the insurer when there is a missing bill. (Bielby depo, p. 84-85)(Bielby depo, p. 88-89, 91-92, 140).

**Response:** Disputed. The cited testimony does not support the assertion, much less even contain the word "reasonable". Further, the information seeks to elicit an improper legal conclusion, which is why the cited testimony contains multiple objections to the extent Plaintiffs' counsel sought to elicit testimony of one servicer's opinion concerning the other servicer's actions.

78.    Roundpoint uses the "MSP" system to maintain electronically stored information concerning the transactions relating to Plaintiffs' loan. (Johnson depo, p. 91-92).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

79.    This system stores information relating to hazard insurance carriers, including contact information for the insurance company. (Johnson depo, p. 93).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

80. LoanCare did not provide Roundpoint with the contact information for State Farm and Plaintiffs' agent. (Johnson depo, p. 93-94).

**Response:** Undisputed for purposes of summary judgment only.

81. LoanCare's failure to provide this information was "not consistent with the servicing transfer instructions." (Johnson depo, p. 94).

**Response:** Disputed. LoanCare is not a party to the Subservicing Agreement to which the Servicing Transfer Instructions are attached and therefore is not required to do anything pursuant to those instructions.

82. The State Farm bill would have been paid if the servicing rights had not been transferred. (Johnson depo, p. 94-95).

**Response:** LoanCare objects to this fact on the grounds that the question asked by the Plaintiffs' counsel at the subject deposition called for a speculative answer and was even acknowledged by counsel to be speculative while he was asking the question. Subject to and without waiving the foregoing objection, LoanCare states that this fact is disputed because the witness was only speculating and this is not an established fact.

83. Although Roundpoint did not communicate with State Farm about the missing bill, it did obtain a lender placed insurance policy from Great American that covered the structure but not the contents. (Johnson depo, p. 19-21).

19

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

84.     Embrace and Roundpoint did not have "a reasonable basis to conclude that the Matlocks had failed to comply with the contractual requirement to maintain hazard insurance." (Johnson depo, p. 20).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

85.     Roundpoint waived the fee for the Great American policy because "Roundpoint from a customer service perspective could have went above and beyond and they did not." (Johnson depo, p. 104).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

86.     Roundpoint waived the fee for the Great American policy because "our third-party insurance vendor did not make phone calls to verify your insurance information." (DEF/MATLOCK 330-331).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs'

response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

87.    Great American charged Roundpoint $4.00 for the policy. (Johnson depo, p. 116-117).

**Response:** Undisputed for purposes of summary judgment only. LoanCare notes that this fact is completely irrelevant vis-à-vis its Motion for Summary Judgment and the Plaintiffs' response and appears to relate only to the Plaintiffs' response to Embrace and RoundPoint's Motion for Summary Judgment.

Respectfully submitted, this 30th day of August 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3140 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for LoanCare, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2019, I filed the within and foregoing document via the Court's CM/ECF system. Filing via the Court's CM/ECF system caused service of the aforementioned documents to be made electronically on the following attorneys for the Parties on this day: (1) Henry Todd, Jr., (2) Patrick M. Barrett, III; (3) Joseph V. Ronderos, Jr.; and (4) Shaun K. Ramey.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)