IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY MATLOCK and BRIDGET MATLOCK,<br><br>Plaintiffs,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION, EMBRACE HOME LOANS, INC., and LOANCARE, LLC,<br><br>Defendants. | Case No. 3:18-cv-00047<br>Judge William L. Campbell, Jr.<br>Magistrate Judge Newbern |

**LOANCARE, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, LoanCare, LLC ("LoanCare"), and files this Reply to the Plaintiffs' Response to its Motion for Summary Judgment, respectfully showing this Honorable Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**A. RESPA DOES NOT APPLY TO LOANCARE BECAUSE IT WAS NOT THE SERVICER WHEN THE INSURANCE PREMIUM WAS PAID**

This case is about one thing, and one thing only: whether LoanCare had a duty under the Real Estate Settlement Provisions Act ("RESPA") to pay the Plaintiffs' homeowners' insurance premium on January 15, 2017. In its Motion for Summary Judgment, LoanCare noted that the operative provisions of RESPA require only the current "servicer" (as that term is defined by RESPA) to pay the premium. *See* [Doc. 77] at pp. 4-5. LoanCare and the Plaintiffs (as evidenced by their response to the Statement of Undisputed Facts) agree that LoanCare was *not* the servicer on January 15, 2017, and had not been the servicer for the nearly one year prior – since February 2, 2016. *See* Response to Statement of Undisputed Facts at ¶ 3. Additionally, Plaintiff Bridget

1

Matlock outright said that only RoundPoint had a duty to pay the insurance premium on that date. *Id.* at ¶ 9.

Nevertheless, the Plaintiffs responded to the Motion for Summary Judgment with a curious argument that "[p]ursuant to 12 C.F.R. § 1024.2, LoanCare's failure to comply with the operative servicing contract subjects it to liability under RESPA for the failure to pay Plaintiffs' hazard insurance premium." This argument fails for several reasons. First and foremost, 12 C.F.R. § 1024.2 is a definitional regulation that imparts no substantive rights or duties. The Plaintiffs failed to expound on that point and never explain how this provision is at all relevant to their argument. Additionally, nothing in RESPA even remotely suggests that a prior servicer can be held liable to the borrowers for failing to comply with a contract that allegedly requires it to forward certain information to the subsequent servicer.

The only import of a servicing contract under RESPA is in the definition of "servicing" under 12 C.F.R. § 1024.2. A "servicer" is defined as "a person responsible for servicing," and

> *Servicing* means receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan, including amounts for escrow accounts under section 10 of RESPA (12 U.S.C. 2609), and making the payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower **as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract.**

12 C.F.R. § 1024.2 (emphasis added).

Notably, the plain language of the definition shows that the mention of a servicing contract is there in order to determine who has the responsibility to receive payments from a borrower and then make the payments for items such as homeowners' insurance to the insurance company. In short, an entity cannot be a servicer unless it is responsible receiving periodic payments from the borrower and making payments to the owner of the loan or other third party,

2

Case 3:18-cv-00047   Document 98   Filed 08/30/19   Page 2 of 5 PageID #: 2169

such as an insurance company. It is clear that "servicing" does not mean the forwarding of certain documents to a new entity responsible for receiving payments. Most important to this case is that the Plaintiffs and LoanCare agree that RoundPoint was the servicer on January 15, 2017.

Even if servicing agreements could impart liability under RESPA for the alleged failure to forward certain documents, the "operative servicing contract" referred to by the Plaintiffs is an agreement solely between Embrace and RoundPoint. *See* Plaintiffs' Opposition to Defendant LoanCare LLC's Motion for Summary Judgment (the "Response") at p. 6. LoanCare is not a party to this agreement and the Plaintiffs have never argued that LoanCare is bound in any way by that agreement. "Under general principles of contract law, it is axiomatic that courts cannot bind a non-party to a contract, because that party never agreed to the terms set forth therein." *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 460 (6th Cir. 1999).

In refocusing on the operative law, only the "servicer" – defined as the entity responsible for "servicing" – is obligated under RESPA to pay homeowners' insurance premiums. 12 U.S.C. § 2605(g); 12 C.F.R. § 1024.34; [Doc. 77] at p. 4. Under the RESPA definition of servicer, the entity responsible to make a payment for the Plaintiffs' homeowners' insurance premium on January 15, 2017, was RoundPoint. The Court's analysis needs to go no further to find that LoanCare is not liable for the RESPA violation complained of, and summary judgment should be granted in favor of LoanCare.

B.  **THE PLAINTIFFS CANNOT ASSERT A BREACH OF CONTRACT CLAIM**

While far from clear, it does appear that perhaps the Plaintiffs believe that they can survive summary judgment by asserting an unpled breach of contract claim. In the conclusion of their response brief, they claim that LoanCare "both violated RESPA and their contractual

3

Case 3:18-cv-00047   Document 98   Filed 08/30/19   Page 3 of 5 PageID #: 2170

obligations." (Response at p. 18). However, the Amended Complaint [Doc. 33] contains only one cause of action – for a RESPA violation – and there is not even the slightest hint of a breach of contract claim. It is well settled that a party may not raise a new claim in response to a motion for summary judgment. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (citations omitted). Thus, any attempt to assert such a claim must be rejected.

Even if they could assert such a claim, as noted above the Plaintiffs are attempting to claim that LoanCare breached a contract to which it is not a party. Even more concerning for the Plaintiffs' case is that they themselves are not a party to the contract with rights to enforce it and do not claim to be intended third party beneficiaries. This baseless attempt to assert a breach of contract claim is both untimely and meritless.

## CONCLUSION

Based on the foregoing, LoanCare respectfully renews its request that this Court grant its Motion for Summary Judgment.

Respectfully submitted, this 30th day of August 2019.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3140 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for LoanCare, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, I filed the within and foregoing document via the Court's CM/ECF system. Filing via the Court's CM/ECF system caused service of the aforementioned documents to be made electronically on the following attorneys for the Parties on this day: (1) Henry Todd, Jr., (2) Patrick M. Barrett, III; (3) Joseph V. Ronderos, Jr.; and (4) Shaun K. Ramey.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)