UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY MATLOCK and ) <br> BRIDGET MATLOCK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROUNDPOINT MORTGAGE ) <br> SERVICING CORPORATION, ) <br> EMBRACE HOME LOANS, ) <br> INC., and LOANCARE LLC, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 3:18-cv-00047 <br> Judge William L. Campbell, Jr. <br> Magistrate Judge Newbern <br> JURY DEMAND |

**PLAINTIFFS' COMBINED REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs Ricky Matlock and Bridget Matlock ("Plaintiffs") hereby submit this Combined Reply to the responses to Plaintiffs' Motion for Leave of Court to File Documents Under Seal filed by Defendants Roundpoint Mortgage Servicing Corporation and Embrace Home Loans, Inc. (Dkt. 103), and Defendant LoanCare LLC (Dkt. 94).

### INTRODUCTION

In their opposition to Defendants' motions for summary judgment, Plaintiffs submitted materials that had been designated as confidential by Defendants pursuant to the operative protective order. Plaintiffs contend that these materials do not meet the strict requirements for

filing documents under seal in the Sixth Circuit, and respectfully submit that these filings should be maintained as part of this Court's public record.

## APPLICABLE LAW

In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), the Sixth Circuit emphasized the "'strong presumption in favor of openness' as to court records," and held that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." The Court further explained that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. To satisfy this heavy burden, a party must "demonstrate — on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id*. at 308. This Court's Local Rule 5.03 therefore requires that parties who designate materials as confidential must demonstrate "compelling reasons to seal the document and that the sealing is narrowly tailored to those reasons." *See* Local Rule 5.03(a).

## DEFENDANTS HAVE NOT SATISFIED THE STRICT
## REQUIREMENTS FOR FILING DOCUMENTS UNDER SEAL

Roundpoint and Embrace state that "it would be inequitable" to allow Plaintiffs to "thwart their contractual agreement" in the protective order and "backdoor the production of sensitive, confidential material information into the public record." Dkt. 103, Page ID #2233. As noted by the Sixth Circuit, however, this conflates the standards for protective orders and sealing: "that a mere protective order restricts access to discovery materials is not reason enough . . . to seal from public view materials that the parties have chosen to place *in the court record*."

2

*Shane Group, Inc.*, 825 F.3d at 307 (emphasis in original). Reversing the lower court's order sealing the records, the Sixth Circuit explained that "the district court plainly conflated the standards for entering a protective order under Rule 26 with the *vastly more demanding standards for sealing off judicial records from public view*." *Id*. (emphasis added).

Although Roundpoint and Embrace imply that the subject documents might have been submitted "for improper purposes," Dkt. 103 Page ID #2322, the documents are highly relevant as they directly contradict Roundpoint's argument that it had no obligation to contact State Farm when Roundpoint knew that the mortgagee clause change had not been made. (DEF/MATLOCK 685;Johnson depo, p. 54-58). *See* Dkt. 81, Page ID# 607-608. Similarly, the documents also demonstrate that Defendants were responsible to notify State Farm of the need to change the mortgagee clause. (DEF/MATLOCK 521) (Johnson depo, p. 35-36; 113) (Bielby depo, p. 47).

While LoanCare states that "it is clear that Plaintiffs do not intend to use the LoanCare Subservicing Agreement to support Plaintiffs' Responses," Dkt. 94 Page ID #2122, Plaintiffs note that notwithstanding an editing error in their opposition, the LoanCare Subservicing Agreement is properly before this Court because it also demonstrates that mortgage servicers are required to send mortgagee clause change notices to the insurance company at the time the servicing rights are transferred. (DEF/MATLOCK 796).

Regarding the burden to demonstrate a compelling need to seal the documents from public view, LoanCare simply states that "it does need to address the question of whether or not to seal the document, because that determination is irrelevant in light of the fact that it never should have been filed." Dkt. 94, Page ID #2121.

Roundpoint and Embrace go a little further, and state in conclusory fashion that the

3

documents "contain sensitive pricing and other information which is not available to competitors" and therefore are "subject to protection as a trade secret." Dkt. 103, Page ID #2233-2234. Rather than submitting affidavits or other evidence to support their trade secrets argument with the requisite specificity, Roundpoint and Embrace have chosen instead to rely on bases similar to those the Sixth Circuit has found to be "brief, perfunctory, and patently inadequate." *Shane Group, Inc.*, 825 F.3d at 306.

## CONCLUSION

Defendants have not come close to meeting the heavy burden required to demonstrate that the subject documents should be filed under seal. Under the law of the Sixth Circuit, Plaintiffs respectfully submit that the documents should be included as part of the public record in this case.

Respectfully submitted,

/s/ Patrick Barrett
Patrick Barrett (BPR # 020394)
Barrett Law Office, PLLC
4205 Hillsboro Pike
Suite 303
Nashville, Tennessee 37215
(615) 463-4000
*pbarrett@barrettlawofficetn.com*

/s/ Henry Todd, Jr.
Henry Todd, Jr. (BPR # 005574)
Todd & Spencer
404 East College Street
Dickson, Tennessee 37055
(615) 446-0511
*henrytoddjr@bellsouth.net*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served upon the following counsel via the Court's electronic filing system and/or email on this 6th day of September, 2019.

Shaun K. Ramey
McGlinchey Stafford
424 Church Street, Suite 2000
Nashville, TN 37219
sramey@mcglinchey.com

Bret J. Chaness
Rubin Lublin TN, PLLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
bchaness@rubinlublin.com

/s/ Patrick Barrett