IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICKY MATLOCK and BRIDGET
MATLOCK,

    Plaintiffs,

v.

ROUNDPOINT MORTGAGE SERVICING
CORPORATION, EMBRACE HOME LOANS,
INC., and LOANCARE, LLC,

    Defendants.

Case No. 3:18-cv-00047
Judge William L. Campbell, Jr.
Magistrate Judge Newbern

**MOTION TO DISREGARD ISSUE RAISED FOR THE FIRST TIME IN PLAINTIFFS'
REPLY, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR–REPLY**

COMES NOW, LoanCare, LLC ("LoanCare"), and files its Motion to Disregard Issue Raised for the First Time in Plaintiffs' Reply, or in the Alternative, for Leave to File a Sur-reply. LoanCare objects to Plaintiffs' attempt to create a use for an admitted error by submitting a new argument not previously raised.

**PROCEDURAL HISTORY**

Plaintiffs' filed their Motion for Leave, asserting that the confidential documents included as exhibits are documents they intend to rely on in responding to LoanCare's Motion for Summary Judgment. [Doc. 87, p. 1]. Accordingly, Plaintiffs' Opposition to LoanCare's Motion for Summary Judgment (Doc. 88), Statement of Additional Material Facts (Doc. 89), and Declaration of Patrick Barrett (Doc. 90) ("Summary Judgment Opposition Papers") were filed under seal as Docs. 88-90. The relevant portions of the Summary Judgment Opposition Papers argue that "[t]he operative 'Subservicing Agreement' between Embrace and Roundpoint includes an exhibit containing 'Servicing Transfer Instructions.'" [Doc. 88, p. 6]. Plaintiffs' sole argument

is that LoanCare was bound by the Servicing Transfer Instructions in **this** Embrace/Roundpoint Agreement and that **these** instructions required LoanCare to perform certain tasks, such as preparing and sending mortgagee change notifications. [Doc. 88, pp. 6-9; Doc. 89, ¶¶ 32, 35, 37].

No mention is made of any instructions contained in the LoanCare Agreement, also included in Exhibit H (Docs. 90-8 & 93-8), nor is it argued that it *also* contained the Servicing Transfer Instructions (it doesn't). On these grounds, LoanCare filed its Response, objecting to the inclusion of the LoanCare Agreement and requesting it be removed from Exhibit H and from consideration on the Motion for Leave. [Doc. 94]. LoanCare accurately pointed out that Exhibit H contained *seven* additional documents the Summary Judgment Opposition Papers did not reference or even cite to, much less *rely upon*. [*Id.*]. In their Combined Reply to Defendants' respective responses (the "Reply Brief"), Plaintiffs attempt to argue that "notwithstanding an editing error in their opposition, the LoanCare Subservicing Agreement is properly before this Court because it also demonstrates that mortgage servicers are required to send mortgagee clause change notices to the insurance company at the time the servicing rights are transferred. (DEF/MATLOCK 796)." [Doc. 104-1, p. 3].

## ARGUMENT AND CITATION OF AUTHORITY

### I. Standard of Review

Courts generally do not hear issues raised for the first time in a reply brief because a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the responsive brief. *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). Simply put, "*reply* briefs *reply* to arguments made in the response brief—they *do not* provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Scottsdale Ins. Co. v.*

*Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)(emphasis added). In cases where new arguments are presented, the courts can disregard arguments or allow surreplies as appropriate. *See Key v. Shelby Cty.*, 551 Fed. Appx. 262, 265 (6th Cir. 2014); *citing Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)(allowing surreplies); *see United States v. Crozier,* 259 F.3d 503, 517 (6th Cir. 2001)(disregarding arguments); *G.C. ex rel. Johnson v. Wyndham Hotels & Resorts, LLC*, 829 F. Supp. 2d 609, 614 (M.D. Tenn. 2011)(disregarding arguments).

### II. The Court Should Disregard an Argument Raised for the First Time in Plaintiffs' Reply Brief

The mortgagee change notice argument in the Reply Brief is objectively not the mortgagee change notice argument made in the Summary Judgment Opposition Papers. Specifically, Plaintiffs' originally argued that the Embrace/Roundpoint "Servicing Transfer Instructions also required LoanCare to prepare and send 'insurance mortgagee change notification letters…for all loans transferring from Transferor Servicer.'" [Doc. 88, p. 7]. Plaintiffs argued LoanCare was obligated to follow **these** Servicing Transfer Instructions for an agreement to which it was *not* a party. In contrast, Plaintiffs' Reply Brief attempts to manufacture a purpose for the inclusion of the LoanCare Subservicing Agreement by stating that it **also** required the same mortgagee change notices. [Doc. 104-1, p. 3]. As an aside, it does not contain the same requirements as the agreement relied upon in Plaintiff's original argument.

It is important to note that the **only** way the inclusion of the LoanCare Subservicing Agreement has **any** bearing on Plaintiffs' summary judgment argument is if the Court considers this **new** argument that LoanCare was obligated pursuant to its Subservicing Agreement, rather than pursuant to the Embrace/Roundpoint Subservicing Agreement Plaintiffs originally relied upon. In *United States v. Crozier*, the Sixth Circuit ruled that where Appellant only referenced his firearm charge in his initial brief via citation to 18 U.S.C. § 922(g) under a sufficiency of the

- 3 -
Case 3:18-cv-00047   Document 108   Filed 09/27/19   Page 3 of 6 PageID #: 2267

evidence heading, he could not argue insufficient evidence under 18 U.S.C. § 922 as to that charge in his reply brief. *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). The court found that issues referenced in a perfunctory manner "unaccompanied by some effort at developed argumentation" were waived and would not allow the new argument "simply because [appellant] cited generally to 18 U.S.C. § 922 in his initial brief." *Id.*

Similarly, Plaintiffs' editing error in including the LoanCare Subservicing Agreement in Exhibit H does not allow them to now argue that it also required mortgagee Ccange notices, especially when they originally specified LoanCare was obligated to send notices pursuant to the Embrace/Roundpoint Servicing Transfer Instructions. "As a matter of litigation fairness and procedure, then, [the Court] must treat such issues as waived." *Scottsdale Ins. Co.*, 513 F.3d at 553. This new argument is simply an attempt to ignore an admitted editing error that included LoanCare's confidential information in Exhibit H. Therefore, LoanCare respectfully submits that the Court should disregard Plaintiffs' assertion that the LoanCare Agreement is properly before the Court.

### III. A Surreply is Appropriate in Light of the New Argument

Plaintiffs' new argument is inappropriate and denies LoanCare the opportunity to respond. Therefore, in the alternative, LoanCare respectfully requests that the Court consider its Motion as a Surreply to the new assertion that the arguments in the Summary Judgment Opposition Papers are also supported by the LoanCare Subservicing Agreement. "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence

has been vitiated.'" *Key v. Shelby Cty.*, 551 Fed. Appx. 262, 265 (6th Cir. 2014); *citing Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

Plaintiffs' argue that the LoanCare agreement demonstrates that mortgage servicers are required to send Mortgagee change notices to the insurance company at service transfer citing to DEF/MATLOCK 796. [Doc. 104-1, p. 3]. Not only does this fail to somehow transform Plaintiffs' editing error into the claimed intent to rely upon the documents, [Doc. 87, p. 1], this is simply *not* what it demonstrates. Plaintiffs' reference an Attachment titled "Lender/Servicer File Checklist" where special instructions deal exclusively with transfers to LoanCare, **not** out of it. Instruction 1 states that "Mortgagee clause change notices should be sent to the insurance agent or company at time of **transfer to LoanCare**." [DEF/MATLOCK 796]. This imputes **no** obligation to LoanCare to send any notice upon transfer to a new servicer and is completely irrelevant to any argument made in the Summary Judgment Opposition Papers. Therefore, Plaintiffs have **still** failed to rely in any way on the LoanCare subservicing agreement included in Exhibit H in error and it is not properly before the Court.

## CONCLUSION

For these reasons, LoanCare respectfully requests that this Court disregard Plaintiffs' argument or consider LoanCare's argument as a Surreply.

Respectfully submitted, this 27th day of September 2019.

>  */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3140 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for LoanCare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I filed the within and foregoing document via the Court's CM/ECF system. Filing via the Court's CM/ECF system caused service of the aforementioned documents to be made electronically on the following attorneys for the Parties on this day: (1) Henry Todd, Jr., (2) Patrick M. Barrett, III; (3) Joseph V. Ronderos, Jr.; and (4) Shaun K. Ramey.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)