UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY MATLOCK and ) <br> BRIDGET MATLOCK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROUNDPOINT MORTGAGE ) <br> SERVICING CORPORATION, ) <br> EMBRACE HOME LOANS, ) <br> INC., and LOANCARE LLC, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 3:18-cv-00047 <br> Judge William L. Campbell, Jr. <br> Magistrate Judge Newbern <br> JURY DEMAND |

**PLAINTIFFS' RESPONSE TO ROUNDPOINT MORTGAGE SERVICING CORPORATION'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiffs Ricky Matlock and Bridget Matlock ("Plaintiffs") hereby submit this Response to the Motion to Alter or Amend Judgment filed by Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") (Dkt. 117).

### INTRODUCTION

In its persistent quest to immunize itself as a matter of law for its failure to pay the hazard insurance bill, RoundPoint contends "this Court made a clear error of law" in denying RoundPoint's motion for summary judgment. (Dkt. 117-1, Page ID #2469). Without addressing this Court's ruling that "numerous disputed facts make summary judgment in RoundPoint's favor

inappropriate,"(Dkt. 113, Page ID #2426), RoundPoint declares that the "undisputed facts" dictate that it is "absolved of responsibility." (Dkt. 117-1, Page ID #2470). As this Court's determination that factual issues preclude summary judgment complies with Sixth Circuit precedent, it hardly constitutes the type of clear legal error that would justify correction pursuant to Federal Rule of Civil Procedure 59(e).

## ARGUMENT

### A.     Standard of Review

"A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Id.* (citation omitted).

"Summary judgment is proper when, viewing the facts and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law." *Harris v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 594 F.3d 476, 482 (6th Cir. 2010). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 915 (6th Cir. 2009)(internal quotations and citation omitted). "The judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine

issue for trial." *Level 3 Communications, LLC, v. Floyd*, 764 F.Supp. 2d 945, 950 (M.D. Tenn. 2011).

### B. RoundPoint Has Not Identified A Clear Error Of Law

As an initial matter, this Court should deny RoundPoint's motion as procedurally improper, as Rule 59(e) applies to final judgments, and a denial of summary judgment is not final. *See Madison Capital Co. v. Smith*, 2009 U.S. Dist. LEXIS 145499, *3 (E.D. Kentucky March 24, 2009)("Rule 59(e) provides a mechanism for obtaining relief from judgments that are actually entered, not ones that have been denied."). Even if this Court overlooks this defect, RoundPoint's motion should be denied because RoundPoint has not identified a clear error of law in the Court's opinion, but instead simply construes the facts in its favor to absolve itself of liability.

In criticizing the Court for its failure to "apply The Official Interpretation of that Rule," (Dkt. 117-1, Page ID #2471), RoundPoint acknowledges that the Official Interpretation provides that "a servicer has a *reasonable* basis to believe that a borrower's hazard insurance policy **has been cancelled** or not renewed" when "*[a] borrower notifies a servicer that the borrower **has cancelled** the hazard insurance coverage*." (Dkt. 117-1, Page ID #2471) (italic emphasis in original but bold emphasis added). This language does not justify summary judgment in this case because there is no testimony or evidence in the record that Plaintiffs so informed RoundPoint.

While the phone call on October 3, 2016, can be interpreted in different ways, for summary judgment purposes the factual inferences must be construed in favor of Plaintiffs. Plaintiffs indicated that they planned to change insurance companies, and if they did RoundPoint

3

Case 3:18-cv-00047   Document 120   Filed 05/06/20   Page 3 of 7 PageID #: 2489

should expect to get the details the following Wednesday. (Dkt. 80-1, Page ID #549-550). Ultimately, Plaintiffs decided to stay with State Farm due to the price of the premiums, and no one contacted RoundPoint the following Wednesday because there was no change. (R. Matlock depo, p. 52). As Plaintiffs never told RoundPoint that they had "cancelled" the State Farm policy, RoundPoint had no excuse not to pay the premium.

While RoundPoint's interpretation of the phone call misconstrues the facts in its favor in violation of the standard of review, it is also belied by its subsequent correspondence with Plaintiffs. On September 8, 2017, RoundPoint sent Plaintiffs a letter explaining that the lender placed policy was issued "at no cost to you," because "our third-party insurance vendor did not make phone calls to verify your insurance information." (DEF/MATLOCK 330-331). While the letter asked Plaintiffs to "[p]lease accept our apologies for not contacting you for your policy information by phone," (DEF/MATLOCK 330-331), RoundPoint did not mention the phone call with Plaintiffs that it now claims is the reason the bill was not paid. Although the inferences relating to the phone call are factual issues for the jury to resolve, one interpretation could be that RoundPoint failed to mention the phone call in that letter because the phone call had nothing to do with its failure to pay the insurance premium.

Noting without apparent irony that "good faith compliance with the comments affords a servicer protection," RoundPoint claims that "the mere fact that the servicer does not receive the renewal invoice is a sufficient basis for it to be excused of its responsibility to advance funds out of the escrow account." (Dkt. 117-1, Page ID #2474). This is a particularly brazen attempt to immunize itself given that the reason RoundPoint did not receive the renewal invoice is that RoundPoint failed to satisfy its obligation to ensure that accurate insurance information was

4

transferred along with the servicing rights. As RoundPoint testified, responsibility to make sure accurate insurance information is also transferred "lies both with the prior and the new servicer." (Johnson depo, p. 23).

Additionally, RoundPoint's contention that it is "excused of its responsibility,"(Dkt. 117-1, Page ID #2474), also conflicts with RoundPoint's Escrow Administration Policy, under which RoundPoint

> works with a third-party vendor at the time of servicing transfer, as well as whenever a new insurance policy is received, to review any insurance declarations pages provided and determine whether the mortgagee clause is accurate. **If necessary, the third-party vendor sends a series of letters and faxes to the insurance carrier requesting the mortgagee clause be updated and instructing the insurance carrier to send all correspondence, policies, bills, and other information to the servicer.**

(DEF/MATLOCK 685) (emphasis added). RoundPoint failed to follow this policy with respect to State Farm in this case, however, as it did not communicate to State Farm about the problem. (Johnson depo, p. 54-58).

As this Court's opinion reflects, "[a]t the time the bill had not been sent, RoundPoint knew that State Farm was the relevant insurer for Plaintiffs' insurance policy." (Dkt. 113, Page ID #2418). The Court also noted evidence that "RoundPoint did not have a reasonable basis to conclude that the Matlocks had failed to comply with the contractual requirement to maintain hazard insurance." *Id.*

While this Court describes the repromulgated Regulation X as containing "new rules providing borrowers with additional protections regarding hazard insurance," (Dkt. 113, Page ID #2420, RoundPoint asserts that "the CFPB's repromulgated rules actually lowered, or at least clarified, the standard of proof that a servicer must present in order to be absolved of

5
Case 3:18-cv-00047   Document 120   Filed 05/06/20   Page 5 of 7 PageID #: 2491

responsibility." (Dkt. 117-1, Page ID # 2470). Plaintiffs believe the Court's description is correct, but in any event the rules do not provide RoundPoint with the absolution it seeks.

## CONCLUSION

RoundPoint has not identified a clear error of law necessary to justify relief under Rule 59(e). This Court correctly found that "numerous disputed facts make summary judgment in RoundPoint's favor inappropriate," (Dkt. 113, Page ID #2426), and RoundPoint's Motion to Alter or Amend should be denied.

Respectfully submitted,

/s/ Patrick Barrett
Patrick Barrett (BPR # 020394)
Barrett Law Office, PLLC
4205 Hillsboro Pike
Suite 303
Nashville, Tennessee 37215
(615) 463-4000
*pbarrett@barrettlawofficetn.com*

/s/ Henry Todd, Jr.
Henry Todd, Jr. (BPR # 005574)
Todd & Spencer
404 East College Street
Dickson, Tennessee 37055
(615) 446-0511
*henrytoddjr@bellsouth.net*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served upon the following counsel via the Court's electronic filing system and/or email on this 6th day of May, 2020.

Shaun K. Ramey
McGlinchey Stafford
424 Church Street, Suite 2000
Nashville, TN 37219

sramey@mcglinchey.com

Bret J. Chaness
Rubin Lublin TN, PLLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
bchaness@rubinlublin.com

/s/ Patrick Barrett