IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICKY MATLOCK, et al.,** ) | |
| ) | |
|    **Plaintiffs,** ) | |
| ) | |
| v. ) | NO. 3:18-cv-00047 |
| ) | |
| **ROUNDPOINT MORTGAGE** ) | **JUDGE CAMPBELL** |
| **SERVICING CORPORATION, et al.,** ) | **MAGISTRATE JUDGE NEWBERN** |
| ) | |
|    **Defendants.** ) | |

## ORDER

This case is set for trial on May 11, 2021. Pending before the Court are Defendant's Motions *in Limine* (Doc. No. 135) and Objections to Plaintiffs' Deposition Designations (Doc. No. 145). The Court held a pretrial conference on May 3, 2021. For the reasons stated on the record, the Court rules on Defendant's Motions *in Limine* and objections as follows:

    1.    Defendant's Motion *in Limine* regarding the Great American Insurance Policy ("Lender-Placed Insurance Policy") is **DENIED**. Defendant is expected to make contemporaneous objections at trial to the evidence it considers to be inadmissible under applicable rules.

    2.    Defendant's Motion *in Limine* regarding its letter responding to notice of error by Plaintiffs is **DENIED**. Defendant is expected to make contemporaneous objections at trial to the evidence it considers to be inadmissible under applicable rules.

    3.    Defendant's Motion *in Limine* regarding testimony as to the ultimate issue of compliance with RESPA and Regulation X is **DENIED**.

    4.    Defendant's Motion *in Limine* regarding testimony of its corporate representative regarding State Farm's willingness to cooperate with it is **DENIED**.

5. Defendant's Motion *in Limine* regarding LoanCare's policies and procedures and servicing agreement is **DENIED**.

6. Defendant's Motion *in Limine* regarding testimony of LoanCare's corporate representative regarding knowledge of RoundPoint's system is **DENIED**.

7. Defendant's Motion *in Limine* regarding records of servicers other than itself that do not reference or concern it is **DENIED**. Defendant is expected to make contemporaneous objections at trial to the evidence it considers to be inadmissible under applicable rules.

8. Defendant's Motion *in Limine* regarding its interrogatory response stating that it sent faxes to State Farm is **DENIED**. Defendant is expected to make contemporaneous objections at trial to the evidence she considers to be inadmissible under applicable rules.

9. Defendant's Motion *in Limine* regarding exhibits not disclosed during discovery is **GRANTED**.

10. Defendant's Motion *in Limine* regarding prior lawsuits against it is **GRANTED**.

11. Defendant's Motion *in Limine* regarding offers of compromise or settlement is **GRANTED**.

12. Defendant's Motion *in Limine* regarding evidence of its wealth or financial condition is **GRANTED**.

13. Defendant's Motion *in Limine* regarding records and documents not properly authenticated and for which a foundation is not properly laid is **DENIED**. Defendant is expected to make contemporaneous objections at trial to the evidence she considers to be inadmissible under applicable rules.

14. Defendant's Motion *in Limine* regarding improper testimony by lay witnesses is **DENIED**.

15. Defendant's Motion *in Limine* regarding undisclosed expert opinions is **GRANTED**.

16. Defendant's Motion *in Limine* regarding failure to call any witnesses is **DENIED**. The Court will address this issue in the jury instructions.

17. Defendant's Motion *in Limine* regarding hearsay is **GRANTED**.

18. Defendant's Objections to Plaintiffs' Deposition Designations (Doc. No. 145) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE